In re the MARRIAGE OF Lana Lea FRANKEN and Lonny Lee Otto.

Upon the Petition of Lana Lea Franken f/k/a Lana Lea Otto, Appellant,

And Concerning Lonny Lee Otto, Appellee.

No. 88–1711.

Supreme Court of Iowa.

Nov. 22, 1989.

Frances L. Gohlke of Carney & Gohlke, Waverly, for appellant.

Roger L. Sutton of Sutton Law Office, Charles City, for appellee.

Thomas J. Miller, Atty. Gen., Gordon Allen, Deputy Atty. Gen., and Patricia R. Hemphill, Asst. Atty. Gen., for amicus curiae State of Iowa.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

LARSON, Justice.

Lana Lea Franken, who is a claimant for child support owed by her former husband, Lonny Lee Otto, obtained an order for collection of delinquent support through the mandatory wage withholding procedures of Iowa Code chapter 252D (1987). The district court quashed the order for withholding on the ground that notice under Iowa Code section 252D.3 (1987) had not been properly served on Lonny. We disagree and therefore reverse and remand.

In 1984, the Iowa Legislature enacted a statute which provides for collection of delinquent child support through the withholding of wages. 1984 Iowa Acts ch. 1239 (codified as Iowa Code ch. 252D). We upheld the constitutionality of this act in *State ex rel. Keasling v. Keasling*, 442 N.W.2d 118 (Iowa 1989).

Section 252D.3 (1987) provides:

All orders for support entered on or after July 1, 1984 shall notify the person ordered to pay support of the mandatory assignment of income required under section 252D.1. However, for orders for support entered before July 1, 1984, the clerk of the district court, the child support recovery unit, or the person entitled by the order to receive the support payments, shall notify each person ordered to pay support under such orders of the mandatory assignment of income required under section 252D.1. The notice shall be sent by certified mail to the person's last known address or the person shall be personally served with the notice in the manner provided for service of an original notice at least fifteen days prior to the filing of a petition under section 252D.1, subsection 4 or the ordering of assignment of income under section 252D.1, subsection 3 or 4. A person ordered to pay support may waive the right to receive the notice at any time.

The dissolution decree in this case, with its order for support, was entered after July 1, 1984. Under section 252D.3, notice of a possible wage withholding should have been included in the decree, but for some reason, it was not. Instead, Lana sent notice by certified mail, a procedure which section 252D.3 provides only for *pre*-July 1, 1984, orders. The district court held that this variance in the manner of service rendered the notice ineffective, thus voiding the withholding procedure. The court suggested that Lana should have sought correction of the support decree by a nunc pro tunc order.

On appeal, Lana urges reversal on two grounds: (1) Lonny had waived the notice requirement, and (2) service by mail is sufficient compliance with section 252D.3.

I. *Waiver.*

 The last sentence of section 252D.3 provides that "[a] person ordered to pay support may waive the right to receive the notice at any time." Lonny's motion to quash the support order noted that he had "received a notice pursuant to Chapter 252D.3 of the Iowa Code by certified mail on the 28th day of June, 1988."

Lana claims that this acknowledgment of receipt of the notice, together with Lonny's failure to raise the notice issue, amount to a waiver of any objection to mailed notice. We agree. Because the statute provides for a total waiver of a section 252D.3 notice, we believe it is clear that a recipient may waive the *means* of service as well.

Although the notice here was a separate one, received by certified mail rather than

notification through a provision of the original decree as the statute directs, Lonny has waived any objection.

## II. *Sufficiency of Mailed Notice.*

■ Our holding that Lonny waived any objection to the notice under section 252D.3 makes it unnecessary to discuss Lana's alternative argument that mailed notice, even in post-1984 support orders, is sufficient compliance with section 252D.3. The attorney general, however, has filed an amicus curiae brief urging that we decide this issue for the benefit of the bench and bar in other support cases, which he claims number over 150,000. Presumably, other support orders and decrees have been entered since July 1, 1984, and will continue to be entered, which fail to include the notice required by section 252D.3. We therefore address the question of whether the service procedures of section 252D.3 are mandatory or merely directory.

We have said that

[m]andatory and directory statutes each impose duties. The difference between them lies in the consequence for failure to perform the duty. Whether the statute is mandatory or directory depends upon legislative intent. When statutes do not resolve the issue expressly, statutory construction is necessary. If the prescribed duty is essential to the main objective of the statute, the statute ordinarily is mandatory and a violation will invalidate subsequent proceedings under it. If the duty is not essential to accomplishing the principal purpose of the statute but is designed to assure order and promptness in the proceeding, the statute ordinarily is directory and a violation will not invalidate subsequent proceedings unless prejudice is shown.

*Taylor v. Department of Transp.*, 260 N.W.2d 521, 522–23 (Iowa 1977). *Accord In re A.E.O. III*, 437 N.W.2d 238, 239 (Iowa 1989); *Sheet Metal Contractors v. Commissioner of Ins.*, 427 N.W.2d 859, 865 (Iowa 1988); *Downing v. Iowa Dep't of Transp.*, 415 N.W.2d 625, 628 (Iowa 1987).

In applying the test of these cases, we do not believe that the manner of serving notice under section 252D.3 is essential to the main objectives of the statute. One objective of chapter 252D is to provide an expedited procedure to supplement traditional collection procedures. *See Keasling*, 442 N.W.2d at 121–22; 45 C.F.R. 301.100(a)(4) (as part of federal mandate for withholding statutes expedited proceedings required).

Notice under section 252D.3 to a child support debtor that he might be subjected to a wage assignment in the event he becomes delinquent does no more than tell him again what chapter 252D has already told him. This might have advanced the overall purpose of the act to some extent, but we do not believe it is *essential* to that purpose. Certainly the *means* of conveying the information, *i.e.*, in a court order rather than through certified mail, cannot be said to be essential. (As a practical matter, a recipient of a certified letter is probably more likely to read the notice than if it were tucked away in a court order.)

Another apparent purpose of chapter 252D is to protect the procedural rights of a child support debtor. A notice to such a person should be fact-specific with details as to the amount of delinquency, the amount of the proposed withholding, the time available to protest, and the means to challenge the procedure. This notice is found in section 252D.1(3) (1987), which provides in part, that the

child support recovery unit or the district court may enter an ex parte order notifying the person whose income is to be assigned, of the delinquent amount, of the amount of income or wages to be withheld, and of the procedure to file a motion to quash the order of assignment. . . .

This is the critical notice, we believe, under chapter 252D and one which is essential to the purposes of the act. There is no contention, however, that notice under section 252D.1(3) was not received.

We believe that the means of conveying notice under section 252D.3 is not essential to the objects of chapter 252D, and the statutory requirements in that regard are directory, not mandatory. Failure to fol-

low the prescribed procedures should not invalidate the proceedings. This is especially true when, as in this case, the child support debtor does not claim any prejudice. *See Taylor*, 260 N.W.2d at 522–23.

We reverse and remand with instructions to reinstate the withholding order.

REVERSED AND REMANDED.