401 A.2d 447.

IN RE FREDERICK A. COSTELLO.

MAY 16, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J. This matter came before the court on the petition of Frederick A. Costello to take the February, 1979 Rhode Island bar examination. This opinion supplements our February 9, 1979 order in which we granted the petitioner's request to take the examination.

The record discloses the following facts. On November 28, 1978, petitioner requested that a hearing be held by the Board of Bar Examiners (the board) concerning his qualifications to sit for the February, 1979 bar examination. The petitioner acknowledged that he had received his Juris Doctorate from the International School of Law in Washington, D.C., an institution not accredited by the American Bar Association. Because petitioner attended an unaccredited legal institution, he was not in compliance with Supreme Court Rule 33(d).[1] Pursuant to Supreme Court Rule 37 the board may, upon petition for good cause shown, waive compliance with any of the rules concerning the admission of attorneys provided that the board finds that such waiver will not be deterimental to the public interest.

In his letter to the board, petitioner introduced certain facts to establish that his request was based on good cause and that the granting of the waiver would not be detrimental to the public interest. He stated that he had taken and successfully completed bar examinations in both Virginia and New Hampshire and was a member of the bar of both states.

---

[1]Supreme Court Rule 33(d) provides:'

"Every person applying for admission to the bar upon examination shall file a written application, under oath, in the clerk's office and shall satisfy the board of bar examiners that:

He has graduated from a law school accredited and approved by the American Bar Association and approved by the board * * *."

He indicated that his class rank was fifteenth in a class of 150 graduates and that during his second and third years of law school he was a member of the Law Review. The petitioner also pointed out that the American Bar Association, in refusing to recommend provisional approval of the International School of Law, stated that although the school was academically sound, its financial situation at that time prohibited approval. The petitioner also incidated in his letter that he was a lifelong resident of Rhode Island and that he had a strong desire to practice law in this state so that he could reside in close proximity to his retired parents.

In a letter responding to petitioner's request for a waiver, the board stated that it had reviewed the request and had voted not to grant the waiver. During oral argument before this court, however, counsel for the board conceded that all requests for waivers made by individuals who attended unaccredited law schools were uniformly denied without the board's examination of the merits of each request.

We have previously stated that we will overturn the board's actions when its members abuse its discretion or its decision is clearly wrong. *In re Petition of DeOrsey*, 112 R.I. 536, 543, 312 A.2d 720, 723 (1973); *In re Application of Capace*, 110 R.I. 254, 259, 291 A.2d 632, 634 (1972). Discretionary factfinding powers are conferred upon the board by Rule 37. *See in re Petitions of Jackson & Shields*, 95 R.I. 393, 400, 187 A.2d 536, 540 (1963). It is uncontroverted that in the instant case the board did not exercise its discretion in denying the waiver. The board neither considered the reasons presented by petitioner in his request for a waiver nor allowed petitioner a formal hearing before it. Instead, the board simply denied the request for a waiver without assessing its merits in light of the standards mandated by this court in Rule 37. We are of the opinion that the board's refusal to exercise its discretion in addressing petitioner's request actually constituted an abdication of its discretionary powers. *See Richardson* v. *Persons*, 116 Vt. 413, 416, 77 A.2d 842, 844 (1951).

Our finding that the board abdicated its discretion empowered us to decide whether the petitioner was entitled to take the February bar examination. We are of the opinion that the petitioner established numerous uncontroverted facts that, in their totality, constititute good cause to waive the provisions of Rule 33(d). We also believe that the granting of such a waiver would not be detrimental to the public interest. Accordingly the petitioner was granted the right to sit for the February, 1979 bar examination.

*Higgins, Cavanagh & Cooney, John T. Walsh, Jr.*, for petitioner.

*John F. Dolan*, for the Rhode Island Board of Bar Examiners.