In re Ralph T. LEWIS III, Raymond E. Gallison, Jr., Eugene V. Mollicone, William A. Rotella, Jr., Angelo S. Rotella, Robert S. Ortoleva, Robert C. Newbold, and Ralph Sacco, Jr.

Nos. 90–42–M.P., 90–54–M.P., 90–63–M.P., 90–65–M.P. to 90–67–M.P., 90–76–M.P. and 90–80–M.P.

Supreme Court of Rhode Island.

May 31, 1990.

John A. MacFayden, III, Eugene V. Mollicone, Joseph Rotella, Wm. Rotella, Jr., Angelo S. Rotella, Robert S. Ortoleva, James McAleer, Robert C. Newbold, Providence, Ralph T. Lewis, Jr., Ralph T. Lewis, III, Warwick, for petitioners.

Ray E. Gallison, pro se.

Ralph Sacco, Jr., pro se.

R. Kelly Sheridan, Bd. of Bar Examiners, Providence, for respondent.

## OPINION

KELLEHER, Justice.

The eight petitioners in this matter are graduates of the Southern New England School of Law, a school that is not accredited by the American Bar Association (ABA). Each sought to take the February 1990 Rhode Island bar exam. However, Supreme Court Rule 33(d) requires that an applicant for admission to the bar be "graduated from a law school accredited and approved by the American Bar Association and approved by the board" of bar examiners (the board). The applicants, pursuant to Supreme Court Rule 37, petitioned the board to exercise its discretion and waive the Rule 33(d) requirement. On January 10, 1990, the board issued a decision in which it denied all the waiver requests. The petitioners now seek review of that decision by this court.

Supreme Court Rule 37 provides, in pertinent part, "Upon petition, for good cause shown, the board in its discretion may waive compliance with any of the foregoing

rules if it finds that such waiver will not be detrimental to the public interest."

Pursuant to this rule, petitioners sought a waiver of Rule 33(d). Three hearings were conducted by the board during which petitioners presented evidence concerning why the requirements of Rule 33(d) should be waived for each of them. After considering all the evidence, the board concluded that

"petitioners have not established good cause. * * * The reason the Board acts with disfavor on each petition relates to the status of the Southern New England School of Law. Petitioners' law school was only conditionally approved by the Commonwealth of Massachusetts in 1988. * * * The law school is not accredited nor approved by the ABA. Indeed, no application is even pending with the ABA. The Dean of the law school has admitted that as of the present time the law school does not comply with many ABA requirements such as faculty, finance, library and course selection. The history and operation of the law school through the date of hearing demonstrates it is not a law school which should be recognized or approved by the Board * * * for the taking of the Rhode Island Bar Exam. * * * The Board of Bar Examiners thus denies the petitions of [petitioners] and rules that they cannot take the Rhode Island Bar exam."

In seeking review by this court of the board's decision, each of the eight petitioners has submitted a brief advancing numerous claims of error on the part of the board. Among the arguments advanced by several petitioners is a contention that the board erred in treating petitioners as a group rather than as eight individuals for the purpose of rendering a decision. Although we are of the opinion that this contention is without merit, as shall be discussed below, we wish to make it clear that this court has carefully reviewed each and every brief submitted by the parties involved and the consolidation of arguments for purposes of discussion is done solely in the interests of clarity and brevity.

The petitioners present these additional arguments: (1) the board failed to look at the totality of the circumstances surrounding each petitioner as it was required to do pursuant to our holding in the case of *In re Costello*, 121 R.I. 548, 551, 401 A.2d 447, 448 (1979); (2) the board, in its consideration of whether good cause for a waiver had been shown, failed to address the extensive evidence presented by each petitioner concerning various other factors such as long-standing residency in Rhode Island, community service, family and religious ties, and in some cases successful completion of the Massachusetts bar examination; (3) the board failed to make any finding that a waiver would be detrimental to the public interest pursuant to Rule 37; and (4) the board failed to pay deference to the actions of the Massachusetts Board of Regents, which granted the school degree-granting powers.

The board contends as follows: (1) it did not abuse its discretion by placing primary emphasis on the quality of petitioners' legal education in evaluating their requests for waivers of Rule 33(d); (2) the board did not abuse its discretion when it denied the requests because of deficiencies in the quality of petitioners' legal education; (3) the consolidated hearings conducted by the board and the board's written decisions did not deprive petitioners of any substantive or procedural rights; and (4) the education requirement found in Rule 33(d) does not constitute an unconstitutional delegation of the judicial power.

This court has stated that "we will overturn the board's actions when its members abuse its discretion or its decision is clearly wrong." *In re Costello*, 121 R.I. at 550, 401 A.2d at 448. We also indicated in *Costello* that "[d]iscretionary factfinding powers are conferred upon the board by Rule 37." *Id.* However, we stated that "the board's refusal to exercise its discretion in addressing petitioner's request actually constitute[s] an abdication of its discretionary powers." *Id.* Finally we concluded that if "the petitioner establish[es] numerous uncontroverted facts that, in their totality, constitute good cause to waive the

provisions of Rule 33(d)" and if "the granting of such a waiver would not be detrimental to the public interest," then the waiver should be granted. *Id.* at 551, 401 A.2d at 448.

█ In the case at bar we are unable to find that the board abused its discretion or was clearly wrong in its decision. Extensive evidence was received by the board during three hearings involving petitioners. Several persons testified, including the dean of the law school. Numerous documents were submitted to the board, including reports from the Massachusetts Board of Regents. As the board indicated in its written decision, this evidence was all considered. However, the board focused its inquiry on the eligibility requirement sought to be waived. Accordingly, the board looked most closely at petitioners' legal education. Pursuant to their discretionary factfinding powers, the board members reviewed all the evidence pertaining to the status of the school and in the exercise of its discretion concluded that the "history and operation of the law school * * * demonstrates it is not a law school which should be recognized or approved."

█ This court agrees with the approach set forth by the board concerning decisions on waiver requests. As we indicated in *Costello*, the totality of the circumstances surrounding each petitioner must be considered by the board in addressing good-cause and public-interest concerns. However, common sense dictates that if a particular requirement is sought to be waived, evidence of mitigating factors concerning that requirement ought to be presented. Any other approach would effectively eliminate from consideration the particular requirement in issue. The quality of the legal education received by an applicant is of great importance to this court and to the Rhode Island bar. Thus in *Costello* this

court pointed out that even though Costello's alma mater was not ABA-accredited, the ABA had found the school to be academically sound. Only its then-existing financial status had prevented ABA approval. 121 R.I. at 550, 401 A.2d at 448.

The status of the school in the case at bar is completely different. The board found that the school did not comply with several ABA requirements pertaining to its faculty, library, and course selection, in addition to having financial shortcomings. Even a report from a visiting committee of the Massachusetts Board of Regents highlighted deficiencies in many of these same areas.[1] In light of the conclusions reached by the board concerning the quality of education received by petitioners, we are unable to find that the board abused its discretion or was clearly wrong in denying the requests for waivers of Rule 33(d).

█ Furthermore we are unpersuaded by the argument of several petitioners that the board abused its discretion by consolidating the waiver petitions and conducting joint hearings. Each petitioner is a graduate of the Southern New England School of Law. Each sought a waiver of the education requirement found in Rule 33(d). Therefore, a common question was presented with respect to all petitioners. Actions involving a common question of law or fact are routinely consolidated in this jurisdiction where doing so will avoid unnecessary costs or delay without causing prejudice to any of the parties involved. *See* Rule 42 of the Superior Court Rules of Civil Procedure. Also, whereas *Costello* does mandate that the board consider the totality of the circumstances surrounding each petitioner, it does not require individual hearings. 121 R.I. at 551, 401 A.2d at 448. The board considered all the evidence, including the petitions of each applicant, and remained unconvinced that good cause for

---

1. The board argues in its brief that accreditation of the school by the Massachusetts Board of Regents is not dispositive of the issue. We agree. We have chosen, in Supreme Court Rule 37, to rely on accreditation by the ABA, not by the board of regents of a sister state, in determining the sufficiency of a legal education.

waivers had been shown. This court has found no evidence that the board abused its discretion or was clearly wrong in reaching that conclusion.

Accordingly the decision of the board pertaining to each of these eight petitioners is affirmed.