**Raymond A. LAMBERT, Jr.**

v.

**BOARD OF BAR EXAMINERS FOR the STATE OF RHODE ISLAND.**

No. 89–81–M.P.

Supreme Court of Rhode Island.

July 9, 1990.

Raymond A. Lambert, Jr., pro se.

Edwin H. Hastings, Providence, for defendant.

OPINION

SHEA, Justice.

This matter comes before us by way of a petition to review a decision of the Board of Bar Examiners (board) which refused to recommend the admission of Raymond A. Lambert, Jr. (petitioner) to the practice of law in this state. We affirm the board's decision.

The petitioner seeks admission to the Rhode Island Bar (bar) despite his failure to pass the Rhode Island bar examination on five occasions. Except for failing to pass the examination, petitioner has fulfilled all the requirements for admission. As such, he petitioned the board to use its discretionary power under Supreme Court Rule 37 to waive the rules concerning admission to the bar and to recommend his

admission on the grounds that the board's grading procedure caused him to fail to achieve a passing grade. At two hearings before the board, petitioner alleged that his failure to pass the bar examination was due to the grading procedure used by the board, in that the procedure used produces arbitrary and inequitable results. He also asserted that the board's grading system is contrary to all grading methods recommended by the National Conference of Bar Examiners. After both hearings the board denied petitioner's request. Lambert then petitioned this court for review.

The petitioner asks this court to waive the requirement of satisfactory completion of the bar examination and order his admission to the bar. He claims that he has been arbitrarily denied the right to practice law and seeks a review by this court of the grading procedure used by the board. The petitioner argues among other things that the Rhode Island examination is unlike any other in the nation. In addition, he alleges that the examination does not conform to the Code of Recommended Standards for Examiners, to which reference is made in the reporter's notes to Supreme Court Rule 33.

We first note that the Rhode Island bar examination consists of twelve separate sections that test separate areas of the law, six essay sections and six sections comprising the Multistate Bar Examination (multistate). In order to pass the examination, the test taker must score a passing grade on any combination of six of the sections. Each of the six essay sections consists of two questions, and a satisfactory performance on a pair of questions results in a passing grade for that section. The multistate portion of the examination breaks down into six separate sections testing separate areas of the law. To pass one of these sections, the test taker must attain the Rhode Island mean raw score for that section.[1] The mean raw score for a section represents the mean score for the Rhode Island test takers on that particular examination. Thus, if, for example, the mean

raw score for the torts section was a twenty-eight, the test taker must achieve a twenty-eight or better to pass that section.

The petitioner argues that the examination is unfair because it does not reward a test taker with any additional credit for a score above the mean raw score or for above-passing grades on the essays. Similarly, he believes that the examination is unfair because one who, for example, misses the mean raw score on a section by one point receives no credit toward passing the examination. The petitioner also asserts that the board's procedure for calculating mean raw scores, when fractions are involved, has caused him to fail two of his examinations by fractions of a point.

■ This court has held that the "Board of Bar Examiners acts as an arm of this court" and as such "[i]ts recommendations will not be overturned unless we are convinced that they are not well-founded." *In re Petition of DeOrsey*, 112 R.I. 536, 544, 312 A.2d 720, 724 (1973). We have also held:

"In the method of examining and grading applicants seeking admission to our bar, the members of the board are vested with a wide range of discretion. We will not embark on an investigation to ascertain the integrity of the examination results in the absence of clear unequivocal allegations of probative facts that would establish fraud, imposition, discrimination or manifest unfairness on the part of the examiners." 112 R.I. at 543, 312 A.2d at 724.

On occasion this court has granted relief under Rule 37; however, we will overturn the board's actions only in limited circumstances such as when its members abuse its discretion or its decision is clearly wrong. *In re Costello*, 121 R.I. 548, 550, 401 A.2d 447, 448 (1979).

The petitioner is correct in arguing that the Rhode Island examination is unlike that in any other state, but he erroneously concludes that this observation bears upon the level of fairness of the examination. We recognize that several organizations inter-

---

1. The mean raw score for a section is an unscaled score that is calculated by adding up all of the scores for that section and dividing the total sum by the number of applicants.

ested in the administration of bar examinations have recommended a variety of examination formats. However, recommendations by these groups are merely advisory and not controlling. The Rhode Island Board of Bar Examiners is not bound by any one examination format, and with respect to the multistate sections of the examination, the board may use these results in any equitable manner it chooses.

The Rhode Island bar examination format indicates that the board has chosen to look for a minimum level of competency in each section rather than limited expertise in several subjects. Also, we recognize that a pass/fail examination undoubtedly means that some test takers will miss passing the examination by only a slight margin. However, we are of the opinion that the format of the Rhode Island bar examination is in no way unfair and is conducted in complete conformity to the Supreme Court Rules.

The petitioner has failed to demonstrate that the board has abused its discretion or that it was clearly wrong in conducting and evaluating his bar examinations. For these reasons we affirm the Board of Bar Examiners' refusal to recommend the petitioner's admission to the bar.

MURRAY, J., did not participate.