THOMAS G. ROMA, PETITIONER-DEFENDANT, v. ASSOCIATED TRANSPORT, INC., RESPONDENT-PROSECUTOR.

Argued May 7, 1946—Decided May 21, 1946.

Before Justices PARKER, DONGES and OLIPHANT.

For the prosecutor, *Henry M. Grosman* (*Isidor Kalisch*, of counsel).

For the petitioner-defendant, *Perry E. Belfatto.*

The opinion of the court was delivered by

OLIPHANT, J. This is a workman's compensation case. Petitioner, who was forty-six years of age, was employed by prosecutor as a night foreman and had occupied that position about six months when, on September 10th, 1943, while inspecting work being performed, he noticed three of his men attempting to put a heavy case filled with rayon on top of another in a truck. He went to help them and in assisting in the operation suffered a heart failure. This was evidenced by a sharp pain in his side and shortness of breath. He let go of the case and collapsed. Two co-workers assisted him to the office of prosecutor, whose compensation physician was called on the telephone but could not be reached. He was then taken to a hospital where he remained for about a month after which he was removed to his home in an ambulance, where he remained for another month, and was then taken back to the hospital because he had a relapse. He returned home again after another month and on July 3d, 1944, returned to prosecutor's plant where he did light work. These are the facts relating to the accident and petitioner's condition as we find them to be. They were not disputed except as to whether Roma was helping to *lift* or *push* the case of rayon at the time of his seizure. It is immaterial which operation he was engaged in.

There is no question but what the accident complained of occurred in the course of the employment but it is contended by the prosecutor that it did not arise out of the employment. Both the Bureau and the Essex County Common Pleas (Judge Flannagan) resolved this question in favor of the petitioner. Such findings should not be lightly disturbed. *Hentz* v. *Janssen Dairy Corp.*, 122 *N. J. L.* 494.

On the medical aspect of the case we find that petitioner had had a pre-existing heart ailment, a lesion of the rheumatic type, and that the strain placed upon that heart by the exertion expended in the lifting of the case of rayon on September 10th, 1943, was the cause of the heart attack suffered by him at the time. There was a causal relationship between the effort expended in the course of the employment and petitioner's collapse. While it is true as stated in *Wehrle* v.

*Sherwin-Williams Co.,* 133 *N. J. L.* 347, that in one suffering from heart disease death might result from it at any time, in that case there was no evidence of any undue exertion. It is likewise true that a heart attack might come without effort and that it was testified on behalf of the respondents that in more than fifty per cent. of the cases it does so occur, but we are persuaded primarily in reaching our findings in the instant case by the testimony of two fellow workmen of the petitioner that the attack came on immediately after effort and by the testimony of Dr. Mancuso-Ungaro, a specialist in cardiology, who was the consultant on the case of the petitioner and was called as a witness by the prosecutor. He testified that while it is possible to have a collapse where the conditions exhibited by Mr. Roma were present without effort "any effort or emotional condition might bring it on." He further said, "Well, I told you that any slight effort, either mental or physical, could produce it. If he had told me when I examined him that he had done that I would have attributed his failure to the effort." There is a total lack of evidence of any emotional strain and unquestionable evidence of effort. We reach this finding notwithstanding the hospital record history describing no accident, the testimony of the petitioner and his attending physician which was far from impressive and the fact that petitioner had signed a claim to an insurance company for disability benefits and had received payments therefor. The case of *Bouvier* v. *County Gas Co.,* 134 *Id.* 89, is not in point. There no one testified to the alleged accident but the petitioner. In the instant case there were two eye witnesses to the lifting episode and the resultant immediate collapse.

An accidental strain of the heart, even though the heart was previously weakened by disease, may be a compensable injury under our statute, when, as in this case the accident arose out of and in the course of the employment. *Swift & Co.* v. *Von Volkum,* 131 *N. J. L.* 83.

On the whole case the evidence preponderates in favor of the hypothesis tendered by the petitioner. See *Jones* v. *Newark Terminal & Trans. Co.,* 128 *N. J. L.* 190.

The writ is dismissed, with costs.