Floyd E. TAYLOR, Appellant,

v.

DEPARTMENT OF
TRANSPORTATION,
Appellee.

No. 60572.

Supreme Court of Iowa.

Dec. 21, 1977.

Jeremy C. Sharpe, of Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Marsha A. Szymczuk, Asst. Atty. Gen., for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

The trial court affirmed a department of transportation order revoking the driver's license of petitioner Floyd E. Taylor for refusing to consent to a chemical test following his arrest for OMVUI on July 17, 1976. Taylor contends here as he did at the administrative hearing and in the trial court that the department of transportation lost jurisdiction by failing to provide him a hearing within 20 days of receipt of his request for hearing as required by § 321B.8, The Code, and that he proved his refusal to take the test was based on confusion about his right to counsel. We find no merit in these contentions and affirm the trial court.

■ Judicial review of the department's license revocation order is governed by the administrative procedure act. Insofar as relevant here, we may interfere only if we find the department lacked jurisdiction on the basis alleged or if its order was affected by a specified error of law or unsupported by substantial evidence. § 17A.19, The Code; *Hoffman v. Iowa Department of Transportation,* 257 N.W.2d 22 (Iowa 1977).

I. *The jurisdictional issue..* On the ground of his alleged refusal to consent to chemical testing after his OMVUI arrest, the department sent Taylor a notice that his driver's license was revoked effective August 11, 1976, until December 9, 1976. The notice stated he was entitled to a hearing if requested within 30 days of the effective date of revocation. On September 7, 1976, he requested hearing. The department stayed the revocation pending hearing. On November 1, 1976, the department notified Taylor that the requested hearing would be held December 7, 1976.

Taylor moved to dismiss the revocation proceeding because of the department's failure to provide him a hearing within 20 days of receipt of his request as required by § 321B.8, The Code. The hearing officer overruled the motion and this ruling was upheld by the trial court. Taylor asserts the ruling was erroneous.

In pertinent part, § 321B.8, The Code, provides, "Upon the written request of a person whose privilege to drive has been revoked or denied, the director shall grant the person an opportunity to be heard within twenty days after the receipt of the request, * * *." In this case the hearing was provided approximately three months after receipt of Taylor's request. Taylor argues the failure of the department to fix the hearing within the period required by statute deprived the department of authority to hold a later hearing. The department argues that a violation of the statute should not result in dismissal of the revocation proceeding unless the licensee has been prejudiced by the delay. The determinative issue is whether the statute is mandatory or directory.

■ Mandatory and directory statutes each impose duties. The difference between them lies in the consequence for failure to perform the duty. Whether the statute is mandatory or directory depends upon legislative intent. When statutes do not resolve the issue expressly, statutory construction is necessary. If the prescribed duty is essential to the main objective of the statute, the statute ordinarily is mandatory and a violation will invalidate subse-

quent proceedings under it. If the duty is not essential to accomplishing the principal purpose of the statute but is designed to assure order and promptness in the proceeding, the statute ordinarily is directory and a violation will not invalidate subsequent proceedings unless prejudice is shown. "The rule is, that when a statute is merely directory, a thing therein required, omitted to be done at the proper time, may be allowed afterward. * * * If, however, a thing is prohibited, or if it is to be done at one time and prohibited at any other, such prohibition cannot, without judicial legislation, be disregarded." *Hill v. Wolfe*, 28 Iowa 577, 580 (1870).

■ Although much of Taylor's argument is directed at establishing that the legislature's use of the word "shall" signifies a mandatory as opposed to a permissive procedure, this case does not involve the mandatory-permissive distinction. A revocation hearing is a matter of right rather than of administrative discretion. The mandatory-directory dichotomy does not refer to whether a statutory duty is obligatory or permissive but instead relates to whether the failure to perform an admitted duty will have the effect of invalidating the governmental action which the requirement affects. *Morris v. County of Marin*, 18 Cal.3d 901, 136 Cal.Rptr. 251, 255–256, 559 P.2d 606, 610–611 (1977).

We have previously recognized that the main objective of chapter 321B is to promote public safety by removing dangerous drivers from the highways. *Severson v. Sueppel*, 260 Iowa 1169, 1174, 152 N.W.2d 281, 284 (1967); see § 321B.1, The Code. Construing the time of hearing requirement of § 321B.8 as mandatory would undermine rather than further this legislative objective because it would provide a technical basis for avoiding license revocation to many persons whose licenses would otherwise be revoked, without any showing of prejudice from delay in hearing.

■ The speedy-hearing provision is obviously intended to assure that persons who abuse their driving privilege are removed from the highways quickly and that

uncertainty is eliminated for those against whom a statutory basis for revocation does not exist. Delay beyond the statutory period is unfortunate and is not to be condoned. Nevertheless, the time provision in § 321B.8 is clearly designed to provide order and promptness in the administrative process, the characteristic purpose of a directory statute. The main legislative goal of removing dangerous drivers from the highways can still be attained when hearings are late. In the absence of a showing of prejudice by the licensee, a failure to hold the revocation hearing within 20 days of receipt should not preclude a later hearing. We hold that the hearing time provision of § 321B.8 is directory and not mandatory.

■ This construction is in accord with the general rule that statutory provisions fixing the time, form and mode of proceeding of public functionaries are directory because they are not of the essence of the thing to be done but are designed to secure system, uniformity and dispatch in public business. Such statutes direct the thing to be done at a particular time but do not prohibit it from being done later when the rights of interested persons are not injuriously affected by the delay. *Younker Brothers, Inc. v. Zirbel*, 234 Iowa 269, 274, 12 N.W.2d 219, 223 (1943); *Bechtel v. Board of Supervisors of Winnebago County*, 217 Iowa 251, 257, 251 N.W. 633 (1933); *Yengel v. Allen*, 179 Iowa 633, 161 N.W. 631 (1917); *Dishon v. Smith*, 10 Iowa 212, 218 (1859) ("And it is a general rule of law, that statutes directing the mode of proceeding of public officers, relating to time and manner, are directory.").

Other jurisdictions have reached the same conclusion in interpreting analogous statutes. See *Garrison v. Rourke*, 32 Cal.2d 430, 196 P.2d 884 (1948), overruled on other grounds, *Keane v. Smith*, 4 Cal.3d 932, 95 Cal.Rptr. 197, 485 P.2d 261 (1971); *Lomelo v. Mayo*, 204 So.2d 550 (Fla.App.1967); *Carrigan v. Illinois Liquor Control Comm.*, 19 Ill.2d 230, 166 N.E.2d 574 (1960); *Hartman v. Glenwood Tel. Membership Corp.*, 197 Neb. 359, 249 N.W.2d 468 (1977); *Jersey City v. State Board of Tax Appeals*, 133

N.J.L. 202, 43 A.2d 799 (Sup.Ct.1944), modified on other grounds, 134 N.J.L. 279, 47 A.2d 354 (Ct.Err.App.1946); *Liverpool Central School District v. State Division of Human Rights,* 46 A.D.2d 1004, 361 N.Y. S.2d 787 (1974); *Appeal of Baldwin,* 153 Pa.Super. 358, 33 A.2d 773 (1945); *State v. Industrial Commission,* 233 Wis. 461, 289 N.W. 769 (1940); 2A Sutherland Statutory Construction, § 57.19 (Fourth Ed. 1973).

In the present case Taylor kept his driver's license pending the late hearing. He did not establish prejudice from the department's failure to provide him a hearing within the statutory period. Therefore the hearing officer did not err in overruling his motion to dismiss, nor did the trial court err in upholding that ruling.

II. The evidentiary issue. Taylor contends he was misled by a *Miranda* warning given at the scene of his arrest into believing he could refuse to submit to a chemical test until after consulting with his attorney. In *Swenumson v. Iowa Department of Public Safety,* 210 N.W.2d 660, 663 (Iowa 1973), we recognized that "juxtaposition of the *Miranda* warning, the implied consent procedure, and the request for chemical test may raise a question of fact as to whether the arrested person was misled or confused by the *Miranda* warning to believe he had a right to the advice of counsel before responding to the request for chemical test."

Taylor refused to submit to chemical testing, saying he would not do so until he consulted his attorney. He also insisted that a stenographer be present. Deputy sheriff Dennis Anderson administered the implied consent procedure at approximately 2:20 a. m. on July 17, 1976, approximately 15 minutes after Taylor's arrest. When Taylor asked for permission to call his attorney, Anderson assisted him. However, Anderson testified Taylor insisted on trying to reach the attorney at his office rather than his home, against Anderson's advice. Finally, when Taylor did not reach the lawyer at his office and refused to try his home, Anderson said he told him to quit clowning around and make up his mind whether he would submit to a test. When

Taylor refused to submit to a blood test, Anderson requested at 2:35 a. m. that he submit to a urine test. Taylor refused, and Anderson terminated his effort to obtain a chemical test.

Anderson testified Taylor did not appear to be confused about his rights but instead was simply uncooperative and did not make a serious effort to reach his lawyer, although permitted to do so.

 The hearing officer found Taylor was not misled by the *Miranda* warning into believing he had a right to delay his response to the request for chemical testing until he consulted his attorney. The trial court held this finding was supported by substantial evidence. We agree. Moreover, no error of law appears. As in *Swenumson,* we hold the record shows a refusal to submit to chemical testing within the meaning of the implied consent statute. The trial court was correct in affirming the revocation order.

AFFIRMED.