**Walter David TYLER, Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellee.**

No. 86–1711.

Supreme Court of Iowa.

March 16, 1988.

Donna Lesyshen of Tyler & Lesyshen, Waterloo, for appellant.

Merrell M. Peters, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and SNELL, JJ.

SCHULTZ, Justice.

Appellant Walter David Tyler appeals from a trial court order affirming revocation of his driver's license by the Iowa Department of Transportation (IDOT). The IDOT also denied appellant's request for a work permit, and that denial is raised as an additional issue. We agree with the district court that the IDOT acted legally and so affirm the revocation and denial.

On November 24, 1982, appellant was arrested and charged with operating a motor vehicle while intoxicated under Iowa Code section 321.281 (1981). Appellant refused to submit to the withdrawal of a body specimen for chemical testing. He signed an implied consent form indicating his refusal and acknowledging notice of the consequences.

When a license is revoked for failure to submit to chemical testing the arresting peace officer has the task of preparing a "sworn report" concerning the arrest and the refusal to submit to testing and submitting the report to the IDOT. Iowa Code § 321B.7 (1981), *as amended by* 1982 Iowa Acts ch. 1167, § 20 (current version at Iowa Code § 321J.9 (1987)). Although the arresting officer prepared and signed such a report he did not execute it or affirm it

before the notary public who signed the jurat five days later. The officer did testify under oath at later hearings that all things attested to by his signature were true.

Appellant requested a departmental hearing on his revocation, and the IDOT stayed the revocation pending hearing. Following hearing, the IDOT affirmed the revocation. Appellant sought judicial review in district court and the revocation was again stayed. The district court remanded to the IDOT which affirmed the revocation and concluded that appellant was not entitled to a work permit or restricted license. On further proceedings, the district court again affirmed the agency.

■ The issue in this case is whether the IDOT may revoke appellant's license when the arresting officer reported the required information, but did not sign the report in the presence of a notary. Appellant argues that there was no "sworn report" as required by statute and that this deprives the IDOT of authority to revoke his license. We disagree and hold that the IDOT properly revoked appellant's license.

We have addressed a comparable issue in *Taylor v. Department of Transportation*, 260 N.W.2d 521 (Iowa 1977), and find that case persuasive on the present issue. In *Taylor* the issue was whether the IDOT had authority to revoke a driver's license when the revocation hearing was not within twenty days of the request as required by statute. *Id.* at 522. We held that the twenty-day limit was directory rather than mandatory and that prejudice had to be shown before the revocation would be invalidated. *Id.* at 523. We stated:

> We have previously recognized that the main objective of chapter 321B is to promote public safety by removing dangerous drivers from the highways. Construing the time of hearing requirement of § 321B.8 as mandatory would undermine rather than further this legislative objective because it would provide a technical basis for avoiding license revocation to many persons whose licenses would otherwise be revoked, without any showing of prejudice from delay in hearing. *Id.* (citations omitted).

The arresting officer's failure to sign the report before a notary does not deprive the IDOT of authority to revoke a driver's license absent a showing of prejudice. In this case, there is clearly no prejudice as the arresting officer testified under oath to these same matters at the revocation hearing. Due to stays of the revocation, appellant's license was not revoked during the period of IDOT hearings and judicial review. The policy requiring a sworn statement has been adequately served. The revocation was not based solely on the report, but also on the evidence presented at the hearings.

■ Appellant's issue concerning a work permit must also be rejected. We have approved and held valid agency action denying a work permit to a licensee whose license was suspended following a refusal to submit to chemical testing. *Veach v. Iowa Dep't of Transp.*, 374 N.W.2d 248, 250 (Iowa 1985). The holding in *Veach* controls this issue.

AFFIRMED.