In the Interest of A.E.O. III, Minor
Child, Appellant.

No. 88–1343.

Supreme Court of Iowa.

March 22, 1989.

Paul R. Huscher, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Charles K. Phillips, Asst. Atty. Gen., for appellee State of Iowa.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and ANDREASEN, JJ.

NEUMAN, Justice.

This appeal arises from child in need of assistance (CINA) proceedings in which the court ordered an adolescent's continued placement in a substance abuse treatment facility. On appeal from that order, the juvenile appellant poses the following question: Should the remedy for failure to conduct the initial review hearing within six months from the date of the dispositional hearing in a CINA proceeding be dismissal of the proceedings? Because we do not believe the legislature intended the harsh consequences suggested by appellant's query, we affirm the district court.

The facts are not controverted. In October 1987, sixteen-year-old A.E.O. III was adjudicated both a delinquent and a child in need of assistance as a result of charges that he knowingly possessed marijuana. The CINA adjudication stemmed from evidence that A.E.O. was chemically dependent and that his parents were unable to provide necessary rehabilitative treatment.

Pursuant to a consent decree, the juvenile court placed A.E.O. on six months probation for the delinquent act. The court's separate CINA disposition transferred A.E. O.'s custody to the Iowa Department of Human Services for placement in a residential treatment facility. At issue here is that part of the CINA order that directed a review hearing to be held within six months.

Due to an apparent oversight, the six-month review hearing was not scheduled by the court until July 1988, nearly nine months after the original disposition hearing. For reasons not disputed on appeal, the hearing was eventually held in August. At that time, reports submitted by DHS confirmed A.E.O.'s continued struggle with chemical dependency; his initial flight from

the facility and use of drugs while on the run; and his eventual progress in the program once he returned. The State recommended that A.E.O.'s placement at the Youth Recovery House in Ames be continued.

Counsel for A.E.O. resisted this recommendation, claiming the court was without jurisdiction to order the continued placement inasmuch as the review hearing was not held within six months of the dispositional hearing in accordance with Iowa Code section 232.102(7)(a) (Cum.Supp.1988). The court rejected A.E.O.'s argument and found that his best interest would be served by continued treatment. It is from this order that A.E.O. appeals.

The appeal draws our attention to section 232.102 which, since its enactment in 1978, has provided for periodic reviews of dispositional orders. *See generally In re A.R.,* 316 N.W.2d 887, 888 (Iowa 1982); *In re J.F.,* 386 N.W.2d 149, 153 (Iowa App.1986); *In re L.P.,* 370 N.W.2d 839, 841 (Iowa App.1985). In July 1987, the legislature amended the statute by adding the following subparagraph pertinent to this action:

> The initial dispositional review hearing shall not be waived or continued beyond six months after the date of the dispositional hearing.

Iowa Code § 232.102(7)(a). A.E.O. contends that this procedural safeguard, designed to prevent children from becoming "lost in the system," imposed a duty upon the State and the court to furnish a timely review of A.E.O.'s status. Breach of that duty, A.E.O. argues, compels termination of the court's jurisdiction and dismissal of the State's action.

We agree that, according to rules of statutory construction, the term "shall" ordinarily denotes a duty. *Pearson v. Robinson,* 318 N.W.2d 188, 199 (Iowa 1982); Iowa Code § 4.1(36)(a). Here, section 232.102(7)(a) requires the juvenile court to set review hearings within—and not beyond—the prescribed deadlines. To that extent, the statute is obligatory in nature. *See State v. Lohr,* 266 N.W.2d 1, 5 (Iowa 1978) (statute directing use of certain jury lists deemed obligatory, "thus excluding the idea of discretion").

The obligatory nature of the statute, however, does not alone determine the consequences, if any, flowing from its neglect. *Pearson,* 318 N.W.2d at 191. Rather, we must answer the further question whether the statute is mandatory or directory. As we observed in *Lohr,* that determination depends on the nature of the duty rather than its phraseology:

> 'If the prescribed duty is essential to the main objective of the statute, the statute ordinarily is mandatory and a violation will invalidate subsequent proceedings under it. If the duty is not essential to accomplishing the principal purpose of the statute but is designed to assure order and promptness in the proceeding, the statute ordinarily is directory and a violation will not invalidate subsequent proceedings unless prejudice is shown.'

*Lohr,* 266 N.W.2d at 5 (quoting *Taylor v. Department of Transp.,* 260 N.W.2d 521, 522–23 (Iowa 1977)).

Turning to the statute before us, we note that the juvenile code is to be "liberally construed to the end that each child under the jurisdiction of the court shall receive, preferably in the child's own home, the care, guidance and control that will best serve the child's welfare and the best interest of the state." Iowa Code § 232.1. To that end, section 232.101 provides the court with placement alternatives and the option to transfer custody under prescribed circumstances. *See generally* § 232.102(1), (3), and (4). Subparagraph (7) provides for periodic dispositional review hearings "to determine whether the child should be returned home, an extension of the placement should be made, a permanency hearing should be held, or a termination of the parent-child relationship proceeding should be instituted." Iowa Code § 232.102(7).

The main objective of this statute is to assure the child the most safe and secure placement consistent with his or her best interest. Incidental to that objective is the requirement that review of such placements shall be held every six months. We

view this provision as directory, not mandatory, for it relates solely to the order and promptness with which the primary objective is accomplished. As we noted with regard to an analogous hearing requirement in *Taylor*, construing such a deadline as mandatory would "undermine rather than further" the legislative scheme. 260 N.W.2d at 523. Here, where the child is progressing satisfactorily in a treatment facility, it would be inimical to his best interest to suspend his recovery regimen based solely on a technicality that would return him to the very environment spawning his affliction. In other words, we are convinced that such a mechanistic application of the statute is neither called for nor consistent with the essential objective of the CINA proceedings.

We do not mean by this opinion to condone delay beyond the statutory periods. *See In re J.F.*, 386 N.W.2d at 153 (cautioning juvenile court to adhere closely to dispositional review). Nevertheless, we are convinced that the time line established in section 232.102(7)(a) is designed to provide order and promptness in the monitoring of dispositional orders, a "characteristic purpose of a directory statute." *Taylor*, 260 N.W.2d at 523. The record before us reveals no prejudice suffered by A.E.O. as a result of the delay that would support a reversal of the juvenile court's decision. Continued treatment for drug dependency is in the child's best interest. Accordingly, we affirm the judgment of the juvenile court.

AFFIRMED.