# IN THE SUPREME COURT OF IOWA

No. 28 / 07-1866

Filed April 18, 2008

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

Appellant,

vs.

**ATTORNEY DOE NO. 639,**

Appellee.

On review of a disposition of the Grievance Commission.

An attorney moves to dismiss the Iowa Supreme Court Attorney Disciplinary Board's application for permission to review a disposition of the Grievance Commission of the Supreme Court of Iowa. **APPEAL DISMISSED.**

Charles L. Harrington and Elizabeth E. Quinlan, Des Moines, for appellant.

David L. Brown and Alex Wonio of Hansen, McClintock & Riley, Des Moines, for appellee.

**WIGGINS**, **Justice**.

Attorney Doe No. 639[1] is an Iowa attorney who had an ethics complaint filed against him with the Iowa Supreme Court Attorney Disciplinary Board (Board). The Board is responsible for investigating ethics complaints made against attorneys licensed to practice law in Iowa. Iowa Ct. R. 34.8(1). After completing its investigation, the Board has the option to continue the matter, dismiss the ethics complaint, privately admonish the attorney, publicly reprimand the attorney, or file a formal complaint with the Grievance Commission of the Supreme Court of Iowa (Commission). *Id.* r. 34.11(1)–(5). After completing its investigation, the Board decided to file a formal complaint against Attorney Doe with the Commission.

The Commission is a separate entity from the Board. *Id.* r. 35.1(1). Our court has given the Commission the task of conducting a hearing on a formal complaint filed by the Board. *Id.* r. 35.1(2). The Board has the obligation to prosecute any complaint it files with the Commission. *Id.* r. 34.11(5). After conducting a hearing, the Commission may dismiss a formal complaint, privately admonish the attorney, or file a report with our court recommending the attorney be reprimanded or the attorney's license be suspended or revoked. *Id.* r. 35.9. In the matter before us, the Commission found Attorney Doe's conduct violated various provisions of the Iowa Code of Professional Conduct and issued Attorney Doe a private admonition.

When the Commission issues a private admonition, the Board can ask our court for permission to appeal the Commission's disposition. *Id.* r. 35.11(2). To do so the Board must file an application seeking

---

[1]The identity of an attorney who receives a private admonition from the Commission is to remain confidential unless the supreme court, on review of the disposition of the Commission, decides to impose discipline. Iowa Ct. R. 35.11(3).

permission to appeal, and the application must be filed within ten days after the Commission files its disposition with the clerk of the supreme court. *Id.* We "may grant such appeal in a manner similar to the granting of interlocutory appeals in civil cases under the Iowa Rules of Appellate Procedure." *Id.* If the Board fails to file an application seeking permission to appeal the disposition of the Commission within ten days after the Commission files its disposition, the Commission's determination is final. *Id.* r. 35.9.

The Board decided to file an application requesting us to review the Commission's decision to issue Attorney Doe a private admonition. Attorney Doe filed a resistance to the application and a motion to dismiss the Board's application alleging the Board was one day late in filing its application; therefore, this court should not consider the application. The Board admitted it filed its application one day late due to its inadvertence, but resisted the motion to dismiss relying on our decisions in *Committee on Professional Ethics & Conduct v. Michelson,* 345 N.W.2d 112 (Iowa 1984), *Committee on Professional Ethics & Conduct v. Behnke,* 276 N.W.2d 838 (Iowa 1979), and *Taylor v. Department of Transportation,* 260 N.W.2d 521 (Iowa 1977). We granted the Board's application for permission to appeal and ordered the parties to brief and submit the motion to dismiss with the appeal on the merits.

Relying on *Michelson*, *Behnke*, and *Taylor*, the Board contends the ten-day time limit to file an application for permission to appeal a disposition of the Commission is not a mandatory deadline and will not prevent this court from reviewing the Commission's disposition unless Attorney Doe can show the delay was prejudicial. Attorney Doe contends the ten-day deadline is mandatory and the principles of law we applied in those cases do not apply to a late application filed under rule 35.11(2).

We have drawn a distinction between those statutes and rules that are mandatory and jurisdictional and those that are merely directory. *See Taylor*, 260 N.W.2d at 522. We have stated:

> Mandatory and directory statutes each impose duties. The difference between them lies in the consequence for failure to perform the duty . . . . If the prescribed duty is essential to the main objective of the statute, the statute ordinarily is mandatory and a violation will invalidate subsequent proceedings under it. If the duty is not essential to accomplishing the principal purpose of the statute but is designed to assure order and promptness in the proceeding, the statute ordinarily is directory and a violation will not invalidate subsequent proceedings unless prejudice is shown.

*Id.* at 522–23.

"Whether the statute [or rule] is mandatory or directory depends upon legislative intent. When statutes [or rules] do not resolve the issue expressly, statutory construction is necessary." *Id.* at 522. Therefore, we look to the purpose of a rule when determining whether it is mandatory or directory.

In *Taylor*, the appellant sought a dismissal of a license revocation proceeding because the department failed to provide a hearing within the statutory period. *Id.* We held Iowa Code section 321B.8, which established the time limit in which a hearing must be set, was directory because the statute was passed to keep dangerous drivers off the road, and construing the statute as mandatory would undermine the legislative objective by providing a technical basis for avoiding license revocation. *Id.* at 523. We also held the violation of this directory statute did not prejudice Taylor because he was able to keep his license for a longer period of time than he otherwise would have had his hearing been held during the statutory time frame. *Id.* at 524.

We applied the same analysis in *Michelson* where the Commission failed to provide an attorney a hearing within thirty days from the date of service of the complaint as required by rule 118.7, currently rule 35.7. *Michelson*, 345 N.W.2d at 117. We held the rule was directory because the purpose of the time limit contained in the rule is to expedite disciplinary proceedings in order to protect both the public and the lawyer concerned. *Id.* Further, we found Michelson was not prejudiced by the delay; therefore, the failure of the Commission to comply with the deadline did not invalidate the proceedings. *Id.*

A similar approach was applied in *Behnke*, when the Commission failed to file its disposition within the time required by rule 118.9, currently rule 35.9. *Behnke*, 276 N.W.2d at 841–42. For the same reasons given in *Michelson*, we held the rule is directory, the delay did not prejudice Behnke, and the Commission's failure to comply with the deadline did not invalidate the proceedings. *Id.* at 842.

Our opinions in *Michelson*, *Behnke*, and *Taylor* are distinguishable from the present case. In all three of these opinions, the matter being decided by the tribunal was properly before it. Additionally, the statutes and rules discussed in those opinions did not provide consequences for the tribunals' failure to timely carry out their duties. Finally, the tribunals, not the parties invoking the jurisdiction of the tribunals, caused the delay in the proceedings.

The Board must file its application for permission to appeal within ten days from when the Commission files its disposition. Iowa Ct. R. 35.11(2). Here, a party, not the tribunal, caused the delay in proceedings by failing to meet this deadline. The rule states the consequence for failing to file an appeal within the required time is that the Commission's decision becomes final. *Id.* r. 35.9. This language

clearly evidences intent by this court to make the ten-day filing requirement mandatory, not directory. *See Zick v. Haugh*, 165 N.W.2d 836, 837 (Iowa 1969) (holding rule pertaining to time for taking an appeal to supreme court from an order, judgment, or decree of the lower court is mandatory and jurisdictional).

Once the ten-day period for seeking permission to appeal expired, the Commission's private admonition of Attorney Doe became final. Accordingly, the Board's untimely application was insufficient to allow this court to review the Commission's action. Therefore, we grant Attorney Doe's motion to dismiss the Board's application.

**APPEAL DISMISSED.**

All justices concur except Larson, J., who takes no part.