RENEWABLE FUELS, INC., Donald James McCrabb, David McCrabb, and Norman Nicol, Petitioners–Appellants,

v.

IOWA INSURANCE COMMISSIONER and the Insurance Division of the Iowa Department of Commerce, Respondents–Appellees.

No. 07–0743.

Court of Appeals of Iowa.

May 14, 2008.

Michael L. Mock of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellants.

Thomas J. Miller, Attorney General, and Jeanie Kunkle Vaudt, Assistant Attorney General, for appellees.

Considered by MAHAN, P.J., and EISENHAUER and BAKER, JJ.

MAHAN, P.J.

## I. Background Facts and Prior Proceedings

Donald James McCrabb, David McCrabb, and Norman Nicol, are the president, vice-president, and secretary of Renewable Fuels, Inc., an Iowa business organized to construct and operate an ethanol production facility in Emmetsburg. Renewable Fuels and the above-named individuals are collectively referred to hereinafter as the appellants.

On May 2, 2005, the Iowa Insurance Division (Division), pursuant to Iowa Code section 502.604 (2005),[1] ordered the appellants to cease and desist the offer or sale of unregistered, non-exempt securities in the state of Iowa. This order stated that the appellants were not properly licensed as securities agents in Iowa, that the securities offered and sold by the appellants were not registered with the Iowa Securities Bureau, and that the appellants misled investors by omitting material facts related to the specific risks of these securities.

On June 1, 2005, the appellants sent a letter to the Division requesting a contested case hearing. The Division issued a transmittal, including a statement of charges, to the Iowa Department of Inspections and Appeals with the necessary information to authorize the opening of a file and issuance of a notice of hearing. A notice of hearing was issued to the appellants and the Division on July 15, 2005, setting a hearing before an administrative law judge (ALJ) on September 14, 2005. Both parties filed motions to dismiss.

Citing Iowa Code section 502.604(2), the appellants argued that because the hearing was not scheduled within fifteen days of the receipt of the request for hearing, neither the Iowa Department of Inspections and Appeals nor the insurance commissioner had the jurisdiction or authority to proceed with the matter and therefore the cease and desist order had to be vacated and the pending administrative action had to be dismissed with prejudice. The Division resisted this motion to dismiss, challenging the appellants' interpretation of the statute and also noting that the appellants had failed to state any difficulties, hardships, or prejudice resulting from the hearing date. The appellants filed two responses to this resistance, but did not allege any difficulties, hardships, or prejudice resulting from the September hearing date.

The Division filed its own motion to dismiss, arguing the appellants' request

---

1. Although there was some initial confusion as to whether the order was issued pursuant to the 2003 or 2005 version of the Iowa Code, the parties now agree the 2005 code controls this case.

for a hearing was not timely because it was not received by the Division until more than thirty days after the issuance of the cease and desist order.

The ALJ denied the appellants' motion to dismiss, noting section 502.604(2) does not set forth any sanction for failure to set a hearing within fifteen days of the receipt of the request for hearing. In doing so, the ALJ also noted that the appellants did not argue there was any willful misconduct on the part of the Division that would merit a dismissal or set forth any claim of hardship or prejudice because of the late hearing date. The ALJ also granted the Division's motion to dismiss for failure to request a hearing within thirty days of the issuance of the cease and desist order.

The appellants appealed this decision to the Iowa Insurance Commissioner, arguing the ALJ improperly denied their motion to dismiss and improperly granted the Division's motions to dismiss. On September 22, 2006, the commissioner entered a ruling affirming the ALJ's decision.

The appellants filed an application for judicial review in district court. The district court determined the commissioner had improperly granted the Division's motion to dismiss because the appellants' request for a contested case proceeding had been placed in the mail prior to the expiration of the thirty-day appeal period. However, the district court affirmed the commissioner's decision denying the appellants' motion to dismiss. In doing so, the district court determined the fifteen-day time requirement set forth in section 502.604(2) was "directory," rather than "mandatory," under *Taylor v. Department of Transportation*, 260 N.W.2d 521 (Iowa 1977). The court also noted that appellants had failed to demonstrate any prejudice resulting from the September hearing date. Because the district court determined the commissioner should have denied both parties' motions to dismiss, it

remanded the case to the commissioner for a hearing on the merits of the case.

On appeal, the appellants claim the ALJ and the commissioner had no jurisdiction or authority to proceed with this administrative action. They claim the ALJ and commissioner were required as a matter of law to vacate the cease and desist order and dismiss the matter with prejudice because the hearing was not scheduled within fifteen days of receipt of the request for hearing as required by Iowa Code section 502.604(2). They also now claim they were prejudiced by the September hearing date.

## II. Standard of Review

On judicial review of a final agency action, our review is limited to correcting any errors of law. *Hough v. Iowa Dep't of Personnel*, 666 N.W.2d 168, 170 (Iowa 2003). In determining whether the district court erred in exercising its power of judicial review, we apply the standards of Iowa Code section 17A.19(10) to the agency action to determine whether our conclusions are the same as those of the district court. *Williamson v. Wellman Fansteel*, 595 N.W.2d 803, 806 (Iowa 1999).

## III. Merits

We, like the district court, find our supreme court's decision in *Taylor v. Department of Transportation* controlling. In *Taylor*, Floyd Taylor sought a dismissal of a license revocation proceeding because the department failed to provide him with a hearing within the statutory time period set forth in Iowa Code section 321B.8. 260 N.W.2d at 522. Taylor argued the department "lost jurisdiction" over the matter by failing to provide him a hearing within twenty days of the day it received his request for a hearing. *Id.* In analyzing this claim, our supreme court stated that the determinative issue was whether the statute was mandatory or directory. *Id.*

The court noted that mandatory and directory statutes both impose duties, but "[i]f the prescribed duty is essential to the main objective of the statute, the statute ordinarily is mandatory and a violation [of that duty] will invalidate subsequent proceedings under [the statute]." *Id.* at 522–23. However, if the duty is not essential to accomplishing the principal purpose of the statute but is instead "designed to assure order and promptness in the proceeding," the statute is ordinarily directory and a violation of that directory duty "will not invalidate subsequent proceedings unless prejudice is shown." *Id.* at 523.

The court applied this test to Taylor's claim by first noting that the main objective of chapter 321B was to promote public safety by removing dangerous drivers from the highways. *Id.* The court stated that construing the time of hearing requirement as mandatory "would undermine rather than further this legislative objective because it would provide a technical basis for avoiding license revocation to many persons whose licenses would otherwise be revoked, without any showing of prejudice from delay in hearing." *Id.* The court went on to conclude the hearing time provision in section 321B.8 was directory and not mandatory because

> The speedy-hearing provision is obviously intended to assure that persons who abuse their driving privilege are removed from the highways quickly and that uncertainty is eliminated for those against whom a statutory basis for revocation does not exist. Delay beyond the statutory period is unfortunate and is not to be condoned. Nevertheless, the time provision in [section] 321B.8 is clearly designed to provide order and promptness in the administrative process, the characteristic purpose of a directory statute. The main legislative goal of removing dangerous drivers from the highways can still be attained when hearings are late. In the absence of a

showing of prejudice by the licensee, a failure to hold the revocation hearing within 20 days of receipt should not preclude a later hearing.

*Id.* After determining Taylor was not prejudiced by the delay, the court concluded the agency did not err when it overruled his "jurisdictional" motion to dismiss. *Id.* at 522–24.

The present case turns on our interpretation of whether section 502.604(2) imposes a mandatory or directory duty on the agency to schedule the hearing within fifteen days. Section 502.604(2) states, in pertinent part:

> [A cease and desist] *order must include . . . a statement of the reasons for the order, and notice that, within fifteen days after receipt of a request in a record from the person, the matter will be scheduled for a hearing.* If a person subject to the order does not request a hearing and none is ordered by the administrator within thirty days after the date of service of the order, the order . . . becomes final as to that person by operation of law. If a hearing is requested or ordered, the administrator, after notice of and opportunity for hearing to each person subject to the order, may modify or vacate the order or extend it until final determination.

(Emphasis added.) Upon our review of this statute, we conclude the hearing time provision is directory and not mandatory.

"The mandatory-directory dichotomy does not refer to whether a statutory duty is obligatory or permissive but instead relates to whether the failure to perform an admitted duty will have the effect of invalidating the governmental action which the requirement affects." *Taylor,* 260 N.W.2d at 523. As noted above, we look to the purpose of a statute when determining whether it is mandatory or directory. *Iowa Supreme Court Attorney Disciplin-*

*ary Bd. v. Attorney Doe No. 639,* 748 N.W.2d 208, 209 (Iowa 2008).

■ Our supreme court has stated that the general purpose of the chapter 502 "blue sky laws is to protect the public from deceit perpetrated in the sale of securities" and that chapter 502 should be "liberally construed" to effectuate its purpose. *Midwest Mgmt. Corp. v. Stephens,* 291 N.W.2d 896, 901 (Iowa 1980). Likewise, if the statutory language of chapter 502 is susceptible to more than one construction, "it should be given the construction which will effect rather than defeat the purpose of the statute." *Id.*

■ Section 502.604(2) does not state that the underlying administrative order must be automatically vacated and the matter dismissed with prejudice if the requested hearing is not scheduled within fifteen days. We find that construing section 502.604(2) in such a mandatory fashion would undermine the purpose of protecting the public by providing a technical basis for the sale of allegedly unregistered and misleading securities to the general public. *See Taylor,* 260 N.W.2d at 523. Accordingly, we find that the hearing time provision in section 502.604(2) is directory and not mandatory. This construction is in accord with the general rule that "statutory provisions fixing the time, form, and mode of proceeding of public functionaries are directory because they are not the essence of the thing to be done but are designed to secure system, uniformity, and dispatch in public business." *Id.* "Such statutes direct the thing to be done at a particular time but do not prohibit it from being done later when the rights of interested persons are not injuriously affected by the delay." *Id.*

■ Because the statute at issue is directory, the delay in scheduling the hearing does not invalidate the subsequent proceedings "unless prejudice is shown." *Id.* Despite the fact that the Division resisted the appellants' motion to dismiss by pointing out that there was no claim of hardship or prejudice, the appellants still did not allege hardship or prejudice before the agency. The ALJ specifically noted this fact in his ruling and therefore did not consider whether a dismissal was appropriate in light of any prejudice suffered during the delay.

■ In their appellate brief, the appellants now claim the prejudice was "inherent" because they were restricted from raising capital. We find this issue has not been preserved for our review.

■ In cases involving judicial review of final action of an administrative agency, an issue must generally be presented to the agency to satisfy error preservation requirements. *Strand v. Rasmussen,* 648 N.W.2d 95, 100 (Iowa 2002); *Ahrendsen v. Iowa Dep't of Human Servs.,* 613 N.W.2d 674, 676 (Iowa 2000) ("This court's review is limited to questions considered by the agency."). Because the appellants did not claim they were prejudiced by the delayed hearing date, neither the ALJ nor the commissioner had the opportunity to consider whether the cease and desist order should have been vacated in light of the length of time the appellants were thereby restricted from raising capital. We will not consider appellants' prejudice claim now, for the first time, on appeal.

■ Because the appellants did not allege they were injuriously affected by the delay, we find that the failure to schedule the hearing within fifteen days did not preclude a later hearing and did not necessitate a dismissal and vacation of the cease and desist order.

## IV. Conclusion

We have considered all arguments presented and find no basis for reversal of the

district court's order. The judgment of the district court is affirmed.

**AFFIRMED.**