# IN RE: KENTH W. ROGERS, Appellant.[1]

S. Ct. Civ. No. 2012-0014

Supreme Court of the Virgin Islands

April 23, 2012

---

[1] This Court, in its February 24, 2012 and March 12, 2012 Orders in this matter, had identified Kenth W. Rogers as a petitioner rather than an appellant, based solely on the representation in his February 21, 2012 filing that he had brought a "Petition for Writ of Review" pursuant to Supreme Court Rule 209.25. However, since it is now clear to that Rogers is attempting to appeal, pursuant to Supreme Court Rule 207.4.11, from an adverse decision rendered by the Ethics and Grievance Committee of the Virgin Islands Bar Association, this Court has modified the caption to reflect the true nature of this proceeding.

Kenth W. Rogers, Esq., St. Thomas, USVI, *Pro se*.

SIMONE R.D. FRANCIS, ESQ., Ogletree, Deakins, Nash, Smoak & Stewart, P.C., St. Thomas, USVI, *Attorney for Subcommittee of the V.I. Bar Ass'n Ethics & Grievance Committee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(April 23, 2012)

PER CURIAM. This matter comes before the Court pursuant to a document filed by Kenth W. Rogers, Esq., on February 21, 2012, as well as a March 9, 2012 filing by the Ethics and Grievance Committee of the Virgin Islands Bar Association — which we construe as a motion to dismiss — and Rogers's March 25, 2012 opposition. For the reasons that follow, we dismiss this matter as untimely.

## I. BACKGROUND

On February 21, 2012, Rogers electronically filed a document with this Court, which was titled "Respondent Petition for Writ of Review Pursuant to Supreme Court Rule 209.25" but, notwithstanding its caption,[2] contained several references to the Ethics and Grievance Committee. Since Rogers's filing consisted of only six sentences, and did not contain a copy of any decision rendered by the Committee, this Court, in a February 24, 2012 Order, required the Committee to provide this Court with sufficient materials to understand the nature of the underlying matter.

The Committee, through its St. Thomas Co-Chair, filed its response with this Court on March 9, 2012, which summarized the history of the underlying matter. A grievance had been filed against Rogers on November 3, 2006, which the adjudicatory panel found established probable cause to believe Rogers violated Model Rules of Professional Conduct 1.5 and 8.4. In addition, based on the representations of the case investigator assigned to the matter, the panel found that there was probable cause to believe that Rogers also violated Model Rule 8.1(b) due

---

[2] This Court, in its February 24, 2012 Order, noted that Supreme Court Rule 209 only governs judicial discipline and disability proceedings, and took judicial notice that Rogers is not a judicial officer in the Virgin Islands and that therefore this matter could not have arisen pursuant to Rule 209.25.

to his multiple failures to cooperate with the investigation. Therefore, the panel issued a January 3, 2011 Notice of Hearing, which scheduled a hearing for January 28, 2011. *See* V.I.S.CT.R. 207.3.1(a). However, when the case investigator assigned to the matter notified the panel that he could not locate the grievant, the panel, in a January 27, 2011 Order, ultimately continued the hearing. On that same day, Rogers filed a document with the panel, captioned as a "Notice to Stay," which stated that a small claims matter between him and the grievant was pending in the Superior Court, and requested that the panel stay all disciplinary proceedings until that matter came to a final decision. The panel never formally ruled on that request.

While the underlying matter remained pending, this Court amended Supreme Court Rule 207 to create the Office of Disciplinary Counsel and, with limited exceptions not applicable to this case, to transfer prosecution and investigation of all existing grievances from each respective case investigator to Disciplinary Counsel. In an August 19, 2011 letter, Disciplinary Counsel advised Rogers that she had assumed all investigative and prosecutorial duties with respect to the underlying grievance, notified Rogers that the composition of the adjudicatory panel had changed in the nearly eight months since the panel issued its January 27, 2011 Order continuing the January 28, 2011 hearing, and provided Rogers with thirty days to file any written request for recusal. Rogers, however, failed to respond to the August 19, 2011 letter.

Ultimately, the newly-constituted panel determined that no material facts were in dispute, and, rather than setting a new hearing date, issued a Notice of No Hearing on October 5, 2011, *see* V.I.S.CT.R. 207.3.1(b), which provided Rogers with thirty days in which to identify in writing any relevant facts that he believed were contested and warranted a hearing. Again, Rogers did not submit any documents to the panel. Consequently, the panel issued a final decision on November 14, 2011, which found that Rogers violated (1) Model Rule 1.5 by charging $1,500 for a one-half hour consultation and preparation of a document, which the panel considered an unreasonable and excessive fee, (2) Model Rule 8.1(b) by knowingly failing to respond to lawful demands for information from the case investigator, and (3) Model Rule 8.4 by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. As a sanction, the panel ordered a private reprimand, as well as payment of $1,500 in restitution to the grievant.

Since the panel need not obtain approval of this Court to impose a private reprimand or to order restitution, *see* V.I.S.CT.R. 207.4.3(b), and Rogers did not timely file a request for reconsideration with the panel, *see* V.I.S.CT.R. 207.4.12(a), the November 14, 2011 disposition became final on that date, and Rogers therefore was afforded forty-five days to appeal the decision to this Court. *See* V.I.S.CT.R. 207.4.11(a)-(b). Accordingly, the Committee concluded its March 9, 2012 filing by requesting that this Court dismiss this matter as untimely, since the forty-five day period had expired on December 29, 2011 and Rogers did not initiate this matter until February 21, 2012. This Court, in a March 12, 2012 Order, construed the March 9, 2012 filing as a motion to dismiss, and directed Rogers to file a response before March 26, 2012. In the portion of his response addressing the timeliness issue, Rogers agrees with the Committee that the forty-fifth day fell on December 29, 2011, but argues that he was entitled to a three day extension of time to appeal because the panel had served its disposition by mail, *see* V.I.S.CT.R. 16(c), and that he was entitled to a further one day extension because the forty-eighth day fell on January 1, 2012, a legal holiday. *See* V.I.S.CT.R. 16(b). Finally, Rogers contends that although he did not electronically file his appeal until February 21, 2012, he had attempted to conventionally file an appeal on December 31, 2011 and again on January 17, 2012, but that both documents were rejected by the Clerk of the Supreme Court due to his failure to comply with Supreme Court Rule 40, which requires all members of the Virgin Islands Bar Association to electronically file and serve all documents.[3]

## II. DISCUSSION

This Court possesses exclusive jurisdiction to discipline members of the Virgin Islands Bar. V.I. CODE ANN. tit 4 § 32(e). This broad inherent and statutory jurisdiction encompasses the authority to delegate the initial adjudication of grievances to the Ethics and Grievance Committee —

---

[3] Although Rogers had been administratively suspended as a member of the Virgin Islands Bar Association from July 21, 2011 through March 19, 2012 due to his failure to comply with mandatory continuing legal education requirements, see V.I.S.CT.R. 208(e)(6), thus rendering him temporarily unable to practice law in the Virgin Islands, such an administrative suspension did not relieve him of any other obligations that must be borne by members of the Virgin Islands Bar Association, including the requirement that he electronically file all documents with this Court. *Cf.* V.I.S.CT.R. 208(e)(8).

which, when performing this function, operates as an arm of this Court, *cf. Application of Payton*, S.Ct. BA. No. 2007-0146, 2009 V.I. Supreme LEXIS 17, at *12 (V.I. 2009) (unpublished) (holding Committee of Bar Examiners is an arm of this Court) — and to promulgate rules governing review of the Committee's decisions by this Court. For the reasons that follow, we dismiss this matter due to Rogers's failure to appeal the panel's November 14, 2011 disposition within the period mandated by Supreme Court Rule 207.4.11(b).

## A. Timeliness of Appeal

Pursuant to Supreme Court Rule 207.4.11, "[n]o appeal may be prosecuted by any Respondent more than forty-five (45) days after the countersignature by the Chairman of the Panel's decision," V.I.S.CT.R. 207.4.11(b), which both the Committee and Rogers agree occurred on November 14, 2011. But while the Committee argues that December 29, 2011 constituted the due date for any appeal of the November 14, 2011 disposition, Rogers contends that Supreme Court Rules 16(b) and 16(c) automatically extended the deadline to January 2, 2012, a deadline Rogers claims he met due to his attempt, on December 31, 2011, to file, by conventional means, the document he ultimately electronically filed on February 21, 2012.

■ We find that Rogers's construction of Supreme Court Rules 16(b) and 207.4.11(b) lacks merit. First, we note that Rule 16(b) is found in this Court's Rules of Appellate Procedure, which encompass Supreme Court Rules 1 through 41 and "govern procedure in all proceedings in the Supreme Court of the Virgin Islands." V.I.S.CT.R. 1(b). But Rule 207.4.11(b) is a part of Supreme Court Rule 207, which is captioned "Rules of the Ethics and Grievance Committee," and — although adopted by this Court — governs procedure before the Committee, rather than before this Court. In other words, the language in Rule 16(c) providing that "[w]henever a party is required or permitted to do an act within a prescribed period after service of a paper upon that party and the paper is served by mail, three days shall be added to the prescribed period," clearly applies only to appeals and other original proceedings that have already been initiated in this Court, and not to matters pending in the

624

Committee.[4] *Cf. Pub. Emp. Relations Bd. et al v. United Indus. Workers-Seafarers Int'l Union*, S.Ct. Civ. No. 2010-0099, 2012 V.I. Supreme LEXIS 19 (V.I. Mar. 5, 2012) (holding that rules that purport to "govern the conduct of hearings and proceedings *before the Board*" cannot be construed to provide three-day extension of time to file petition for writ of review of Board decision with Superior Court). Accordingly, we agree with the Committee that Rogers has filed an untimely appeal.[5]

### B. Equitable Waiver of Timeliness Requirement

■ The forty-five day period, codified in Supreme Court Rule 207.4.11(b), for an attorney to appeal, to this Court, from an adverse decision rendered by an adjudicatory panel unquestionably represents a mandatory claims-processing rule rather than a jurisdictional limit on this Court's authority, *see First Am. Dev. Group/Carib LLC v. WestLB AG*, 55 V.I. 594, 611 (V.I. 2011), which, despite its mandatory nature, ordinarily could be voluntarily waived or involuntarily forfeited by the parties. *See Brady v. Cintron*, 55 V.I. 802, 815 (V.I. 2011). As discussed above, Rogers's appeal of the November 14, 2011 disposition is untimely regardless of whether this Court were to treat it as having been filed on December 31, 2011, January 17, 2012, or February 21, 2012, and therefore subject to dismissal pursuant to the plain language of Rule 207.4.11(b).

■ But while the Committee has, in its March 9, 2012 filing, unambiguously invoked Rule 207.4.11(b) and requested dismissal of this matter, the Committee simply does not function like an appellee in an ordinary civil appeal. As explained above, the Committee, like the Board

---

[4] We further note that any reading that construed Rule 16(b) to be applicable in the procedure set forth in Rule 207, as Rogers suggests, would lead to numerous absurd results, in that there is no meaningful way to distinguish Rule 16(b) from numerous other provisions in the Rules of Appellate Procedure that contain similar general language. For example, the same reasoning advocated by Rogers would require this Court to assess Rogers the $105.00 docketing fee mandated by Supreme Court Rule 3(a), which Rogers did not pay when he electronically filed the initiating document in this matter and, to date, has made no attempt to pay.

[5] Since Rogers's appeal would have been untimely even if it had been filed on December 31, 2011, we need not determine (1) whether the Clerk of the Court rejecting, pursuant to Supreme Court Rule 15(b), his conventionally filed documents before docketing constituted error, or (2) whether the document electronically filed on February 21, 2012, should be accepted *nunc pro tunc* to December 31, 2011, given the nearly two-month gap between the date of rejection and the date the filing was ultimately completed.

of Bar Examiners and the Commission on Judicial Conduct, assists this Court in the performance of its inherent and statutory duties with respect to the regulation and supervision of the Bar, its members, and the practice of law in the Virgin Islands. Unlike the Office of Disciplinary Counsel, which is charged with investigating and prosecuting grievances, the Committee performs an adjudicative, quasi-judicial function, in that each panel, after hearing all evidence presented and arguments made by Disciplinary Counsel and the attorney-respondent, renders a decision as to both whether an ethical violation occurred and, if so, the appropriate sanction for that violation. While the Committee bears an obligation, in cases such as this, to defend a panel decision when an attorney-respondent appeals an adverse ruling to this Court, ultimately the Committee remains as an arm of this Court, and thus lacks the discretion to independently waive, without this Court's permission, application of any rules established by this Court. *See Payton*, 2009 V.I. Supreme LEXIS 17, at *12. Therefore, even though Rogers has not formally requested an equitable waiver of the timeliness requirement, we take this opportunity to provide the Committee and members of the Bar with guidance concerning the circumstances under which this Court may — notwithstanding Rule 207.4.11(b) — permit an untimely appeal of a panel disposition to proceed.

As we emphasized in *Payton*, "while this Court may grant a waiver of its own rules, it is inappropriate to exercise this power unless a 'valid and extraordinary reason exists' that justifies 'dispens[ing] with [the rule] in [a] particular case.' " 2009 V.I. Supreme LEXIS 17, at *13 (quoting *In re McGinniss*, 186 A.D. 938, 173 N.Y.S. 209, 209 (N.Y. App. Div. 1918)). This is because "case by case consideration of waivers invites the risk of disparate treatment of similar cases, and thus carries its own potential for unfairness." *Id.* (quoting *Teare v. Comm. on Admissions*, 566 A.2d 23, 31 (D.C. 1989)). Consequently, an individual requesting an equitable waiver of a bar governance rule promulgated by this Court must demonstrate that the rule, as applied to that individual, is arbitrary and its application would be unrelated to the essential purpose of the rule, and that the granting of a waiver would not be detrimental to the public interest. *Id.* (citing *Bennett v. State Bar*, 103 Nev. 519, 746 P.2d 143, 145 (Nev. 1987) and *In re Costello*, 121 R.I. 548, 401 A.2d 447, 448 (R.I. 1979)).

The Supreme Court of Iowa has, like this Court, recently examined what circumstances would warrant permitting an untimely appeal from a decision by Iowa's equivalent to the Committee, the Grievance Commission of the Supreme Court of Iowa. In *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Att'y Doe No. 639*, 748 N.W.2d 208 (Iowa 2008), Iowa's equivalent to Disciplinary Counsel sought to appeal a decision of the Grievance Commission imposing a private reprimand on the grounds that a higher sanction was warranted, but filed its application for permission to appeal one day after the time to appeal pursuant to the applicable Iowa Supreme Court rule had expired. Ultimately, the Iowa Supreme Court dismissed the appeal as untimely — notwithstanding prior case law permitting untimely appeals under some circumstances — on the grounds that the untimely filing was solely attributable to the party attempting to appeal, rather than to misconduct or negligence on the part of the tribunal that issued the underlying order. 748 N.W.2d at 210.

 We agree with the approach adopted by the Iowa Supreme Court. As we have previously alluded to in cases involving the time to file a petition for writ of review of an administrative agency's decision, there is always the possibility that the date listed on the face of an order might not necessarily reflect the date the order was served on a litigant. *See Worldwide Flight Servs. v. Gov't*, 51 V.I. 105, 109 (V.I. 2009). While the statute in *Worldwide Flight Servs.* provides that the time to file a petition for writ of review runs from the date of "issuance," we note that Supreme Court Rule 207.4.11(b) requires an attorney-respondent to file an appeal no later than forty-five days "after the countersignature by the Chairman of the Panel's decision." Importantly, Supreme Court Rule 207.4.9(a) requires the original disposition form containing the countersignature to "promptly be forwarded by the Chairman for docketing to the Disciplinary Counsel," who will then serve both the grievant and the attorney-respondent on behalf of the Committee. Given that the time to appeal begins to run from the date of the countersignature and not from the date of service, it is certainly possible — were the Committee to fail to timely perform its ministerial duties — that the time to appeal could theoretically have expired before the attorney-respondent was even served with an adverse order, thus raising very serious due process concerns. Therefore, we hold that an equitable waiver of the forty-five day appeal period codified in Rule 207.4.11(b) will, absent exceptional or

unusual circumstances,[6] ordinarily only be justified if an attorney-respondent can demonstrate that the Committee intentionally or negligently failed to perform its ministerial duties to such an extent that the attorney-respondent could not have timely initiated an appeal.

In this case, however, the exhibits accompanying the Committee's March 9, 2012 response demonstrate that the Committee served its decision on Rogers on November 14, 2011, the same day the Chair affixed her countersignature on the disposition form. While the Chair served the decision by mail — as she was entitled to do pursuant to Supreme Court Rules 207.4.9(a) and 207.3.1(c) — the record contains absolutely no indication that Rogers could not have timely filed an appeal on or before December 29, 2011. Importantly, we emphasize that neither Rule 207.4.11 nor any other rule mandates that an attorney-respondent file a full merits brief to initiate an appeal of an adverse Committee decision — in fact, the document Rogers filed with this Court on February 21, 2012 consisted of only six sentences and contained no citations to any legal authority. Therefore, since no circumstances exist which would warrant *sua sponte* waiving the forty-five day limitations period, we dismiss Rogers's appeal as untimely.[7]

---

[6] For instance, although not expressly mandated by court rule, an equitable waiver of the forty-five day appeal period may be warranted if a lawyer becomes physically or mentally incapacitated sometime after the lawyer has fully presented a defense but before expiration of the forty-five day period. *See generally* V.I.S.CT.R. 207.6.24.

[7] Since we dismiss this appeal as untimely, we do not reach the merits of any aspect of the adjudicatory panel's November 14, 2011 decision. Nevertheless, because the Committee serves as an arm of this Court, we possess an obligation, pursuant to our supervisory authority, to ensure that the Committee and its constituent panels develop and maintain sufficient institutional traditions. *See Hard Rock Café v. Lee*, 54 V.I. 622, 626 n.3 (V.I. 2011) (citing *Pichardo v. V.I. Com'r of Labor*, 613 F.3d 87, 100, 53 V.I. 936 (3d Cir. 2010)).

Unfortunately, we cannot ignore that the panel which adjudicated the underlying grievance has, on multiple occasions, failed to explain, in writing, the reasons for its decisions. While it appears the panel implicitly denied Rogers's request to stay the underlying disciplinary proceedings, the panel's failure to memorialize its decision in writing would have greatly complicated this Court's review of its decision had Rogers timely filed his appeal, given that Supreme Court Rule 207.6.1(1) expressly provides that a pending civil action between a grievant and the attorney-respondent that involves substantially the same issues as those raised by the grievance may warrant a stay. In addition, it does not appear that the adjudicatory panel ever issued a memorandum of decision in this matter, given that the Committee's March 9, 2012 filing does not reference a memorandum of decision, did not attach a memorandum of decision as an exhibit, and the Committee's November 14, 2011 transmittal to Rogers and the grievant only states that a disposition form is being forwarded. While

## III. CONCLUSION

Since Supreme Court Rule 16(b) did not provide Rogers with an automatic three-day extension of the time in which to prosecute an appeal of the panel's November 14, 2011 disposition as permitted under Supreme Court Rule 207.4.11(b), the document electronically filed on February 21, 2012 is untimely even if it were accepted *nunc pro tunc* to December 31, 2011. Moreover, while this Court possesses the discretion, which it may exercise *sua sponte* or on application of an attorney-respondent, to waive or extend the forty-five day period for initiating an appeal of a Committee decision if the failure to perform a ministerial duty effectively deprived the attorney-respondent of the right to appeal, a waiver is not justified in this case given that the record demonstrates that the Committee served Rogers with its November 14, 2011 disposition on the same day. Accordingly, we dismiss the instant appeal as untimely.

---

Supreme Court Rule 207.4.3(b) permits a panel to impose a private reprimand and restitution without first obtaining an order from this Court, we emphasize that Supreme Court Rule 207.4.3(a) — in express language — mandates a memorandum of decision in *every* case where a sanction is imposed, for otherwise this Court cannot conduct a *de novo* review of the panel's choice of sanction in the event an attorney-respondent exercises his or her right to appeal pursuant to Rule 207.4.11(b). Moreover, to the extent a memorandum of decision was produced but not provided to this Court, the failure to serve the memorandum of decision together with the disposition form is itself contrary to this Court's rules. *See* V.I.S.CT.R. 207.4.9 (providing that both the disposition form and the memorandum of decision must be served on the grievant and the attorney-respondent).

Again, because we do not reach the merits of Rogers's appeal, we express no opinion as to whether any of these apparent errors may have warranted reversal of the panel's decision in this particular case. However, we advise the Committee that, going forward, it must strive to strictly comply with all provisions of Supreme Court Rule 207, not just to enable effective review by this Court in the event of an appeal, but to ensure that grievants and attorney-respondents both understand how a panel arrived at a particular decision.