**IN THE MATTER OF THE APPLICATION OF: RAFAEL GONZALEZ FOR PRO HAC VICE ADMISSION TO THE VIRGIN ISLANDS BAR. TIMOTHY ERNEST a/k/a TIMOTHY EARNEST, Appellant/Defendant**

**v.**

**KENNETH MORRIS and CORLETTE MORRIS, Appellees/Plaintiffs**

S. Ct. BA. No. 2013-0036, S. Ct. Civil No. 2013-0065

Supreme Court of the Virgin Islands

September 30, 2013

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(September 30, 2013)

PER CURIAM. These matters come before the Court pursuant to the September 20, 2013 responses to this Court's September 6, 2013 Order,

filed by Rafael Gonzalez, a New York attorney, and Lee J. Rohn, Esq., a member of the Virgin Islands Bar who moved for his *pro hac vice* admission. For the following reasons, we revoke our order granting Gonzalez's *pro hac vice* admission and refer this matter to the appropriate authorities.

## I. BACKGROUND

On March 15, 2013, Rohn filed a motion to admit Gonzalez *pro hac vice* to represent Timothy Ernest in Super. Ct. Civ. Nos. 452/1998 and 691/2000 (STT). This Court, in a July 15, 2013 Order, granted the motion. Although the July 15, 2013 Order explicitly stated that his *pro hac vice* admission was effective "upon execution of the Oath with the Clerk of the Court," *In re Gonzalez*, 59 V.I. 862, 863 (V.I. 2013), Gonzalez never executed the Oath, and his *pro hac vice* admission therefore has never become effective.

After the Superior Court issued a final judgment in Super. Ct. Civ. No. 452/1998 (STT), Gonzalez attempted to file a notice of appeal with this Court on Ernest's behalf. However, the Clerk of this Court rejected Gonzalez's filing because he was not a licensed Virgin Islands attorney. On August 23, 2013, Rohn filed the notice of appeal, which this Court docketed as S. Ct. Civ. No. 2013-0065. That notice of appeal identified Gonzalez as one of Ernest's attorneys. Shortly thereafter, on September 4, 2013, this Court received a transmittal from the Clerk of the Superior Court, which reflected that Gonzalez entered an appearance as Ernest's attorney as part of Super. Ct. Civ. No. 452/1998 (STT), and filed numerous documents on his behalf during those proceedings. Specifically, the certified docket sheet for Super. Ct. Civ. No. 452/1998 (STT) showed that Gonzalez actively participated in the Superior Court proceedings before this Court even entered its July 15, 2013 Order, including (1) appearing as Ernest's counsel during two status conferences held on February 14, 2013, and March 20, 2013; (2) filing motions for extension of time on May 3, 2013, and May 15, 2013; and (3) filing a motion to vacate default judgment, motion to file a late motion, and a notice of appearance on June 3, 2013. Thus, this Court, in its September 6, 2013 Order, noted that it appeared that Gonzalez may have engaged in the unauthorized practice of law in the Virgin Islands, and required both Gonzalez and Rohn to show cause as to (1) whether this Court should vacate its July 15, 2013 Order granting Rohn's motion to admit Gonzalez

*pro hac vice*; and (2) whether this Court should refer this matter to the Office of Disciplinary Counsel for further investigation.

Rohn and Gonzalez separately filed their responses on September 20, 2013. In her response, Rohn stated that Gonzalez represented to both herself and to the Superior Court judge who presided over the underlying matter that he had been granted *pro hac vice* admission to the Virgin Islands Bar on March 27, 2013. Additionally, with respect to his appearances before March 27, 2013, Rohn states that Gonzalez had entered into a "Friend of the Court agreement" with the Superior Court judge in which he allegedly received permission to participate in the litigation notwithstanding the fact that he had not been granted *pro hac vice* admission by this Court. Rohn represents that this is the first time she filed a motion to admit an attorney *pro hac vice*, and that she did not think to question any of Gonzalez's representations.

In his response, Gonzalez admits to filing a notice of appearance, several motions, and to appearing at various court hearings. However, Gonzalez contends that he believed his receipt of a business license from the Virgin Islands Department of Consumer Affairs granted him *pro hac vice* admission to the Virgin Islands Bar. Although Gonzalez admits to having made court appearances even before receipt of that business license, he contends those appearances were permissible because he "always advised the Superior Court that [he] was not admitted in the Virgin Islands, but could address the Court as a Friend of the Court, if permitted," an arrangement permitted by the Superior Court judge presiding over the matter. (Gonzalez Resp. 2.) With respect to his attempt to file a notice of appeal with this Court, Gonzalez represents that he "thought at the time that the execution of oath was another formality confirming the license that was granted to me already." (*Id.*)

## II. DISCUSSION

■ This Court, as the highest court of the Virgin Islands, possesses both the statutory and inherent authority to regulate the practice of law in the Virgin Islands. 4 V.I.C. § 32(e); *In re Rogers*, 56 V.I. 618, 623 (V.I. 2012). This authority encompasses jurisdiction over admission to the Virgin Islands Bar, *see In re Application of Shea*, S. Ct. BA. No. 2011-0115, 2013 V.I. Supreme LEXIS 46, at *5 (V.I. Aug. 30, 2013), the power to discipline attorneys, *see In re Suspension of Adams*, 58 V.I. 356, 361 (V.I. 2013), and to adjudicate claims that an individual has engaged in the

unauthorized practice of law in the Virgin Islands, *see In re Campbell*, S. Ct. Misc. No. 2012-0016, 2013 V.I. Supreme LEXIS 57, at *6 (V.I. Sept. 16, 2013).

■ While this Court may, in appropriate cases, refer such matters to the Ethics and Grievance Committee, the Committee of Bar Examiners, or the Unauthorized Practice of Law Committee, issues relating to whether *pro hac vice* admission should be granted, denied, or revoked are ordinarily resolved by this Court in the first instance when the underlying facts are undisputed and this Court need only consider a pure question of law. *Compare In re Admission of Alvis*, 54 V.I. 408, 416 (V.I. 2010) (denying *pro hac vice* admission for exceeding three cause limit) *with In re Admission of Motylinski*, S. Ct. BA. Nos. 2009-0220, 2012-0106, 2013 V.I. Supreme LEXIS 10, at *9-10 (V.I. Mar. 14, 2013) (unpublished) (deferring decision on revocation of *pro hac vice* admission and reciprocal discipline and referring matter · to Ethics and Grievance Committee because decision was "intertwined with accusations of [unrelated] misconduct" which respondent disputed and because "Disciplinary Counsel desires to investigate.").

■ Given the factual representations in Rohn's and Gonzalez's respective responses, we find that more than sufficient reason exists to vacate our July 15, 2013 Order in S. Ct. BA. No. 2013-0036, and deny Rohn's petition to admit Gonzalez *pro hac vice*. However, since the underlying conduct may potentially warrant action beyond the denial of Gonzalez's *pro hac vice* admission, we refer this matter to the Virgin Islands Attorney General, the Unauthorized Practice of Law Committee, and the Office of Disciplinary Counsel for the purpose of taking any additional action which they may deem appropriate.

### III. CONCLUSION

For the foregoing reasons, we vacate our July 15, 2013 Order admitting Gonzalez *pro hac vice* contingent upon execution of the Oath, and deny Rohn's petition for his admission.