# IN THE MATTER OF THE APPLICATION OF: YVETTE DE LUNA, ESQUIRE, FOR PRO HAC VICE ADMISSION TO THE VIRGIN ISLANDS BAR

S. Ct. BA. No. 2014-0005

Supreme Court of the Virgin Islands

March 6, 2014

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(March 6, 2014)

PER CURIAM. This matter comes before the Court pursuant to a "Motion for Reconsideration or Rehearing as to Order Granting Pro Hac Vice Admission of Yvette De Luna, Esq.," filed by Creative Communication Technologies of Arizona, Inc. ("CCTA"), as well as De Luna's opposition. For the following reasons, we revoke our order granting De Luna's *pro hac vice* admission and refer this matter to the appropriate authorities.

## I. BACKGROUND

On January 13, 2014, Daryl C. Barnes, Esq., an active member of the Virgin Islands Bar, filed a motion to admit De Luna *pro hac* vice to represent Nolasco Communication, Inc., in SX-13-CV-360, in which CCTA is the opposing party. This Court, in a February 6, 2014 Order, granted the motion. Although the February 6, 2014 Order explicitly stated that her *pro hac vice* admission was effective "upon execution of the Oath with the Clerk of the Court," *In re De Luna*, 60 V.I. 685 (V.I. 2014) , De Luna never executed the Oath, and her *pro hac vice* admission therefore has never become effective.

The next day, February 7, 2014, CCTA filed its motion with this Court. In its motion, CCTA states that De Luna engaged in *ex parte* communications with management employees and representatives of CCTA, which it alleges violates both Rules 4.1 and 4.2 of the ABA Model Rules of Professional Conduct and Supreme Court Rules 211.4.1 and 211.4.2.[1] Along with its motion, CCTA provided this Court with the

---

[1] Prior to February 1, 2014, Supreme Court Rule 203 provided that the ABA's Model Rules of Professional Conduct governed the conduct of members of the Virgin Islands Bar. However, effective February 1, 2014, Supreme Court Rule 211, which establishes the Virgin Islands Rules of Professional Conduct, governs the conduct of Virgin Islands attorneys. *See* Promulgation Order No. 2013-0001 (V.I. Dec. 23, 2013).

following email from De Luna to various CCTA employees, which reads, in pertinent part, as follows:

> From: Lcda. Yvette De Luna Colón
> To: Edward Santamaria
> Cc: [various other CCTA employees]
> Subject: Direct Communication of Clients in Case Nolasco Communication vs.
> Creative Communication SX-13-CV-360
> Good afternoon everyone . . . for those of you who have no idea of who I am, let me introduce myself.
> My name is Yvette De Luna and I am the attorney for Nolasco Communication in the matter referenced in the subject line of this email.
> It has been brought to my attention that direct communication has been established between Creative Communication representatives and Nolasco Communication regarding the Nolasco Communication vs. Creative Communication SX-13-CV-360 litigation, including certain partial payments that were made directly to our client and which are directly related to the case.
> Please be advised that direct communication regarding the pending litigation between the parties is not appropriate, since everyone is duly represented by attorneys. Therefore, no direct communication should be made between the parties to discuss matters related to the claim. If there are matters related to the litigation that require discussion, communication or if there are proposals to be made regarding the litigation said communication must be channeled through the attorneys. As far as Nolasco is concerned, I have advised my client to reject all future communication approaches regarding the litigation not done through me.
> Any other type of business dealings and communications can and should be freely pursued.
> Partial payments should also be filtered through the attorneys. If there are any doubts, please have your attorneys contact me.
> Thank you,
> Lcda. Yvette Pilar De Luna

(Mot. Exh. 1. at 1.) In its motion, CCTA represents that it was in the process of drafting a notice informing this Court of the communication, but that the

February 6, 2014 Order was issued before it had the opportunity to do so. CCTA requests, as a remedy, that this Court vacate its February 6, 2014 Order and deny the motion for De Luna's *pro hac vice* admission. In her opposition, De Luna admits to having sent this email, but argues that the email did not constitute an unethical *ex parte* communication with a represented party.

## II. DISCUSSION

■ This Court, as the highest court of the Virgin Islands, possesses both the statutory and inherent authority to regulate the practice of law in the Virgin Islands. 4 V.I.C. § 32(e); *In re Rogers*, 56 V.I. 618, 623 (V.I. 2012). This authority encompasses jurisdiction over admission to the Virgin Islands Bar, *see In re Application of Shea*, 59 V.I. 552, 556 (V.I. 2013), the power to discipline attorneys, *see In re Suspension of Adams*, 58 V.I. 356, 361 (V.I. 2013), and to adjudicate claims that an individual has engaged in the unauthorized practice of law in the Virgin Islands, *see In re Campbell*, 59 V.I. 701, 709 (V.I. 2013). "While this Court may, in appropriate cases, refer such matters to the Ethics and Grievance Committee, the Committee of Bar Examiners, or the Unauthorized Practice of Law Committee, issues relating to whether *pro hac vice* admission should be granted, denied, or revoked are ordinarily resolved by this Court in the first instance when the underlying facts are undisputed and this Court need only consider a pure question of law." *In re Gonzalez*, 59 V.I. 862, 864-865 (V.I. 2013).

■ Given that De Luna has admitted to sending the email that CCTA has provided to this Court, we find that more than sufficient reason exists to vacate our February 6, 2014 Order and deny the motion to admit De Luna *pro hac vice*, without reaching the issue of whether the communication violated Model Rules 4.1 and 4.2 or Supreme Court Rules 211.4.1 and 211.4.2. As we have repeatedly emphasized, holding oneself out as a licensed Virgin Islands attorney, such as through communications with other parties, constitutes the unauthorized practice of law in the Virgin Islands. *See, e.g., In re Motylinski*, 60 V.I. 623, 648 (V.I. 2014); *In re Campbell*, 59 V.I. 701, 731-732. In her January 23, 2014 email to the CCTA employees, De Luna identified herself as Nolasco's attorney in the proceeding docketed as SX-13-CV-360 and directed that all communication with respect to that litigation be directed exclusively to her. However, as of the date of that email, De Luna had not executed the

Oath, and therefore was not authorized to act as Nolasco's attorney with respect to SX-13-CV-360; in fact, at that point this Court had not even granted the motion to admit De Luna *pro hac vice* contingent upon execution of the Oath. Since the underlying conduct may potentially warrant action beyond the denial of De Luna's *pro hac vice* admission, we also refer this matter to the Virgin Islands Attorney General, the Unauthorized Practice of Law Committee, and the Office of Disciplinary Counsel for the purpose of taking any additional action which they may deem appropriate.

## III. CONCLUSION

For the foregoing reasons, we vacate our February 6, 2014 Order admitting De Luna *pro hac vice* contingent upon execution of the Oath, and deny the petition for her admission.