**IN THE MATTER OF THE APPLICATION OF: GREGORY NEVINS FOR PRO HAC VICE ADMISSION TO THE VIRGIN ISLANDS BAR IN THE MATTER OF THE ADOPTION OF: L.O.F. and N.M.F., Minors**

S. Ct. BA. No. 2014-0025, S. Ct. Civil No. 2013-0087

Supreme Court of the Virgin Islands

May 6, 2014

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(May 6, 2014)

PER CURIAM. These matters come before the Court pursuant to April 8, 2014 responses to this Court's March 25, 2014 Order, filed by Gregory Nevins, a Georgia attorney, and Elizabeth A. Kliesch, Esq., a member of the Virgin Islands Bar who moved for his *pro hac vice* admission. For the following reasons, we deny the petition to admit Nevins *pro hac vice* to the Virgin Islands Bar, and refer this matter to the appropriate authorities.

## I. BACKGROUND

On October 18, 2013, Kliesch filed a notice of appeal with this Court on behalf of appellants Carolyn Denice Forno and Renee Marie D'Adamo, which this Court docketed as S. Ct. Civ. No. 2013-0087. The Clerk of the Court issued a Scheduling Order on December 23, 2013, informing Kliesch that Appellants' Brief and the Joint Appendix would be due on or before February 3, 2014. Shortly before that due date, on January 30, 2014, Kliesch filed a motion for extension of time, in which she stated that she and the appellants were "presently in discussions with a group of attorneys that has extensive knowledge and experience concerning the issues and subject matter presented in this case," that "[a]t least one of these attorneys is strongly interested in becoming involved on behalf of Appellants," and requested a 45-day extension of time "[f]or the proposed co-counsel to make a determination regarding their acceptance of this role . . . as well as seek any *pro hac vice* admission necessary." (Mot. 1-2.) This Court, in a January 31, 2014 Order, granted the motion and extended the date for filing Appellants' Brief and the Joint Appendix to March 20, 2014.

On the morning of March 20, 2014, Kliesch filed her petition to admit Nevins *pro hac vice*, which this Court docketed as S. Ct. BA. No. 2014-0025. However, later that very day — before this Court had reviewed, let alone ruled on, the *pro hac vice* petition — Kliesch filed Appellants' Brief and the Joint Appendix in S. Ct. Civ. No. 2013-0087. Both documents identified Kliesch and Nevins as counsel to the appellants on the cover and signature pages, although the signature page included the language "*pro hac vice* application pending" after Nevins's name. This Court, in a March 25, 2014 Order, recognized the substantial case law holding that it is the unauthorized practice of law for an individual — including a *pro hac vice* applicant who has not taken the oath of office — to perform any legal services or to hold himself out as a Virgin Islands attorney when he has not yet been admitted to the Virgin Islands Bar, and noted that, by affixing his name to Appellants' Brief and the Joint Appendix as counsel, it appeared that Nevins may have engaged in the unauthorized practice of law in the Virgin Islands. *See* 4 V.I.C. § 443(a). Therefore, this Court rejected Appellants' Brief and the Joint Appendix, and required Nevins and Kliesch to show cause as to why the petition to admit Nevins *pro hac vice* should not be denied and the matter referred to the appropriate authorities for further investigation.

Kliesch and Nevins both filed separate responses to the March 25, 2014 Order on April 8, 2014. In their responses, Kliesch and Nevins both heavily emphasize that they are providing their services to the appellants in S. Ct. Civ. No. 2013-0087 on a pro bono basis, and argue that the *pro hac vice* admission petition should not be denied because doing so would prejudice the appellants. Furthermore, Kliesch contends that both of the appellants were aware that Nevins had not been a licensed Virgin Islands attorney, and attributes the filing of Appellants' Brief and the Joint Appendix prior to *pro hac vice* admission being granted to her ignorance of the *pro hac vice* admission procedure. Similarly, in his response, Nevins states that he relied on Kliesch to ensure that all *pro hac vice* application requirements were met, and invokes American Bar Association Model Rule of Professional Conduct 5.5(c) for the proposition that he could work on the matter even before his *pro hac vice* admission became effective.

## II. DISCUSSION

■ This Court, as the highest court of the Virgin Islands, possesses both the statutory and inherent authority to regulate the practice of law in the Virgin Islands. 4 V.I.C. § 32(e); *In re Rogers*, 56 V.I. 618, 623 (V.I. 2012). This authority encompasses jurisdiction over admission to the Virgin Islands Bar, *see In re Application of Shea*, 59 V.I. 552, 556 (V.I. 2013), the power to discipline attorneys, *see In re Suspension of Adams*, 58 V.I. 356, 361 (V.I. 2013), and to adjudicate claims that an individual has engaged in the unauthorized practice of law in the Virgin Islands. *See In re Campbell*, 59 V.I. 701, 709 (V.I. 2013). "While this Court may, in appropriate cases, refer such matters to the Ethics and Grievance Committee, the Committee of Bar Examiners, or the Unauthorized Practice of Law Committee, issues relating to whether *pro hac vice* admission should be granted, denied, or revoked are ordinarily resolved by this Court in the first instance when the underlying facts are undisputed and this Court need only consider a pure question of law." *In re Gonzalez*, 59 V.I. 862, 865 (V.I. 2013).

■ This Court has repeatedly emphasized that holding oneself out as a licensed Virgin Islands attorney, or the doing of acts ordinarily done only by a member in good standing of the Virgin Islands Bar Association, constitutes the unauthorized practice of law in the Virgin Islands. *See, e.g., In re De Luna*, 60 V.I. 685, 688-698 (V.I. 2014); *In re Motylinski*,

60 V.I. 623, 637 (V.I. 2014); *Gonzalez*, 59 V.I. at 865; *Campbell*, 59 V.I. at 710. Significantly, section 443 of title 4 of the Virgin Islands Code, which defines the unauthorized practice of law, expressly prohibits "the preparation and/or filing of pleadings or other legal papers" by an unlicensed attorney. 4 V.I.C. § 443(a); *see also Gonzalez*, 59 V.I. at 865.

While Kliesch and Nevins request that we overlook the statutory violation and nevertheless authorize Nevins to appear *pro hac vice*, this Court has previously rejected these same arguments as applied to other attorneys. The fact that the signature page — but not the cover — of Appellants' Brief included the words "*pro hac vice* application pending" after Nevins's name does not render his conduct any less improper. *See Campbell*, 59 V.I. at 724 ("[W]e emphatically reject any implication that one can simply state 'I'm not currently admitted into the Virgin Islands Bar,' proceed to engage in precisely the activities forbidden by section 443, and then rely on those magic words as a talisman to escape liability under the statute."). Likewise, section 443 does not require that a client or any other party actually be confused or misled by the representations. *Id.* at 732. Additionally, this Court has never found that incorrect reliance on Model Rule of Professional Conduct 5.5 excuses a violation of section 443. Moreover, Nevins's request for leniency is far less compelling than the respondents in *Campbell* and *Motylinski*, given that Nevins's involvement in the matter began well after September 16, 2013 — the date this Court issued its *Campbell* opinion explaining, for the first time, that section 443, and not Model Rule 5.5, governs the unauthorized practice of law in the Virgin Islands — and February 1, 2014, the effective date of Supreme Court Rule 211, a specific provision of which, Rule 211.5.5, explicitly cross-references section 443.[1] Perhaps most importantly, neither section 443, Rule 211.5.5, nor any other authority codifies a pro bono exception to the prohibition on unauthorized practice of law. *Accord In re Kunkel*, S. Ct. BA. No. 2010-0145, slip op. at 2-3 (V.I. Oct. 12, 2010) ("clients receiving pro bono representation from Legal Services have the same right to representation by a minimally

---

[1] Prior to February 1, 2014, Supreme Court Rule 203 provided that the ABA's Model Rules of Professional Conduct governed the conduct of members of the Virgin Islands Bar. However, effective February 1, 2014, Supreme Court Rule 211, which establishes the Virgin Islands Rules of Professional Conduct, governs the conduct of Virgin Islands attorneys. *See* Promulgation Order No. 2013-0001 (V.I. Dec. 23, 2013).

qualified attorney as all other individuals"). And since *pro hac vice* admission is a privilege and not a right, and because Nevins has never been authorized to assist the appellants with their appeal, denying *pro hac vice* admission cannot result in any prejudice, particularly since appellants may continue to be represented by Kliesch, a licensed Virgin Islands attorney. *See In re Shores*, 59 V.I. 994, 1003 (V.I. 2013).

■ Accordingly, we deny the petition to admit Nevins *pro hac vice*. Since the underlying conduct may potentially warrant action beyond the denial of Nevins's *pro hac vice* admission, we also refer this matter to the Virgin Islands Attorney General, the Unauthorized Practice of Law Committee, and the Office of Disciplinary Counsel for the purpose of taking any additional action which they may find appropriate.

## III. CONCLUSION

For the foregoing reasons, we deny Kliesch's petition to admit Nevins *pro hac vice* to the Virgin Islands Bar. Within fourteen days of the date of this Opinion, Kliesch may file an amended Appellants' Brief and Joint Appendix in S. Ct. Civ. No. 2013-0087.